## CHESAVOIR v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted February 2, 1929. Decided
May 6, 1929.

No. 4879.

Bertrand Emerson, Jr., and E. Russell Kelly, both of Washington, D. C., for appellant.

Leo A. Rover and Walter M. Shea, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a conviction and sentence of appellant for the illegal possession and transportation of intoxicating liquors.

The appellant was tried in the lower court upon an indictment in two counts. The first count charged that on July 22, 1924, in the District of Columbia, appellant was found guilty and convicted, in the police court of the District, of the offense of possessing intoxicating liquor in violation of the National Prohibition Act (27 USCA), and for said offense was sentenced to pay a fine of $500, and, in default, to be committed to jail for a term of 180 days, which judgment had not been vacated, set aside, or reversed, but still remained in full force and effect. Similar averments followed in the same count setting out, with particulars of time, place, and jurisdiction, a second conviction and sentence of the defendant for the same offense, and that the judgment thereof remained in full force and effect. Finally in the same count it was charged that on June 6, 1926, subsequent to the convictions aforesaid, and while the judgments therein remained in full force and effect, at the District of Columbia, the defendant did again unlawfully and feloniously possess certain intoxicating liquors, to wit, whisky containing ½ of 1 per centum and more of alcohol by volume, and fit for use for beverage purposes, in violation of the National Prohibition Act, thereby charging a third offense set out in the first count. The second count of the indictment similarly charged a third offense of transporting intoxicating liquors in violation of the National Prohibition Act.

The case having been submitted on the evidence, the jury returned into court, and the following proceedings took place: "The jury being asked if they have agreed upon a verdict, upon their oath say that the defendant Solomon N. Chesavoir is guilty in manner and form as charged in the indictment; and thereupon upon motion of the defendant by his attorney, the said jury are polled and each and every member thereof upon his oath says that the defendant is guilty in manner and form as charged in the indictment."

Afterwards and before sentence the defendant filed a motion in arrest of judgment and to correct the minute entries, for the alleged reason that, "Said minute entries are not in conformity with the verdict of the jury, in that the verdict of the jury, upon being polled, was, individually, as to each member thereof 'guilty as to first count,' 'guilty as to second count.'" This motion was overruled by the court, whereupon sentence was pronounced upon the defendant as for a conviction of a third offense, and the present appeal was taken.

In this court the appellant presents two assignments of error: (a) "The action of the court in overruling defendant's motion in arrest of judgment," and (b) the "imposition of sentence of third offense of violation of the National Prohibition Act."

Appellant contends that "a fair interpretation" of the record discloses that the verdict of the jury was no more than a general verdict of "guilty," and that such a verdict does not sustain a sentence as for a third offense. We think, however, that the record plainly discloses that the verdict was "guilty in manner and form as charged in the indictment." The verdict is not incorporated in the record, but the journal entry of the lower court as certified to this court is directly to that effect. It follows that appellant's argument concerning the effect of a general verdict of "guilty" in such case need not be considered by us upon this record.

It appears therefore that the defendant was charged by the direct and positive averments of the indictment with a third identical offense in violation of the National Prohibition Act; that testimony was introduced by the prosecution tending to prove the averments relative to the prior offenses; that the court instructed the jury as to their duty with respect to inquiring concerning the alleged prior convictions; and that the jury returned a verdict finding the defendant guilty as charged in the indictment. We think it was not erroneous for the lower court upon this record to pronounce sentence upon the appellant as for a third offense.

In Bishop's New Criminal Procedure, vol. 1, p. 870, it is said: "If the jury mean to convict the defendant of everything alleged, any expression of the idea, however brief, will be adequate. The full and orderly phrase is 'guilty in manner and form

as charged against him in the indictment'; and it is practically to be chosen."

In People v. Tierney, 250 Ill. 515, 95 N. E. 447, the court says: "A verdict is not to be construed with the same strictness as an indictment but is to be liberally construed, and all reasonable intendments will be indulged in its support, and it will not be held insufficient unless, from necessity, there is doubt as to its meaning."

The verdict of the jury finding the defendant guilty as charged in the indictment plainly signifies that the jury sustained each and all of the averments of the indictment, including not only those relating to the body of the crime charged against the defendant, but also those relating to its alleged incidents. Evans v. State, 150 Ind. 651, 50 N. E. 820; State v. Baldwin, 214 Mo. 290, 113 S. W. 1123; Herndon v. Commonwealth, 105 Ky. 197, 48 S. W. 989, 88 Am. St. Rep. 303; Satterfield v. Commonwealth, 105 Va. 867, 52 S. E. 979. See Massey v. United States (C. C. A.) 281 F. 293; McCarren v. United States (C. C. A.) 8 F.(2d) 113; Klein v. United States (C. C. A.) 14 F.(2d) 35; Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917. The verdict accordingly was sufficient to sustain the sentence imposed by the lower court.

The judgment appealed from is affirmed.