The UNITED STATES of America

v.

Joseph DORSCH.

Crim. No. E-3748.

United States District Court
W. D. Pennsylvania.

Oct. 23, 1957.

Leonard Paletta, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

William M. Acker, Pittsburgh, Pa., for Joseph Dorsch.

MARSH, District Judge.

The petitioner filed a "Motion to Vacate and Set Aside Judgment" presumably under § 2255, Title 28 U.S.C.A., contending that in violation of the Fifth Amendment of the United States Constitution he was twice placed in jeopardy for the crime of bank robbery[1] committed on October 14, 1938, and hence the sentence he is serving is illegal.

An order was entered to show cause why the petitioner should not be produced at a hearing and testimony taken. At the time fixed for argument, counsel for both petitioner and the United States failed to appear. The court thereupon ordered a continuance and the submission of the questions on briefs and pertinent docket entries. These have been considered and the files and pertinent records of the case examined. Such examination conclusively shows that the petitioner is not entitled to relief for any reason set forth in his motion, and consequently his presence at a hearing for taking testimony would serve no useful purpose and is not required. United States v. Nickerson, 7 Cir., 1954, 211 F.2d 909; United States v. Segelman, W.D.Pa.1953, 117 F.Supp. 507, citing United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, and United States v. Fleenor, 7 Cir., 1949, 177 F.2d 482.

The docket entries show, as petitioner alleges, that he was indicted as John Doe, with other persons, at Criminal No. E–3622 on March 22, 1939; that petitioner and James Murray pleaded not guilty on May 22, 1939, and the same day a severance was granted to petitioner by the court. The transcript of the official notes of testimony discloses, as petitioner avers, that the severance was actually granted to James Murray instead of to petitioner, and petitioner's trial was postponed. The court then proceeded to try James Murray.

Although the language in the motion and brief filed on behalf of petitioner implies that the jury was sworn to both Murray and petitioner *before the severance was granted,* the transcript discloses that the court ordered the jury to be sworn *after the severance was granted.* The docket entries are not inconsistent with the transcript. Obviously, if the jury was not sworn to try the petitioner at Criminal No. E–3622, he was not placed in jeopardy.

1. Section 588b, Title 12 U.S.C.A., repealed June 25, 1948, and now covered in substance by § 2113, Title 18 U.S.C.A.

In Hunter v. Wade, 10 Cir., 1948, 169 F.2d 973, 975, 8 A.L.R.2d 277, affirmed 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974, the court stated:

> "It is the general rule that an accused is in jeopardy within the meaning of the guaranty against double jeopardy * * * when he is put on trial in a court of competent jurisdiction * * * and a jury has been empaneled *and sworn* * * *." (Emphasis supplied.)

See, also, Himmelfarb v. United States, 9 Cir., 1949, 175 F.2d 924.

 We do not think an issue of fact requiring testimony arises from the implications in the motion that the jury was sworn before the severance was granted. The transcript of the record, which is not challenged for accuracy, imports verity, and cannot be contradicted by unsupported implications to the contrary contained in the motion. It would be completely superfluous to order a hearing to take testimony in order to find as a fact that which the record already clearly and convincingly discloses. Meredith v. United States, 4 Cir., 1953, 208 F.2d 680; Yodock v. United States, D.C.M.D.Pa. 1951, 97 F.Supp. 307, 310, citing Johnson v. United States, 1912, 225 U.S. 405, 32 S.Ct. 748, 56 L.Ed. 1142.

The petitioner complains and the docket entries show that he was subsequently reindicted as Joseph Dorsch at Criminal No. E–3748 and was tried, found guilty, and sentenced for the same offense charged at Criminal No. E–3622. The original John Doe indictment at Criminal No. E–3622 was nolle prossed on June 13, 1940 [2] about three weeks after the trial at which petitioner was convicted.

No authority has been called to our attention, and we are unaware of any that proscribes reindictment after severance and entering a *nolle prosequi* to the first indictment after trial. The United States Attorney states that it was advisable to reindict petitioner under his correct name.[3] By doing so, we fail to detect any violation of petitioner's constitutional rights; it seems to be immaterial when the nolle pros was entered.

As was stated in Dortch v. United States, 6 Cir., 1953, 203 F.2d 709, 710, citing United States v. Fox, 3 Cir., 1942, 130 F.2d 56:

> "It is also settled law that a *nolle prosequi* and a dismissal without prejudice do not bar a second prosecution for the same offense, inasmuch as such terminations are not tantamount to acquittal."

It follows that petitioner's conviction at Criminal No. E–3748 in no way violated his constitutional right not to be twice placed in jeopardy for the same offense, and accordingly his motion to vacate and set aside the judgment will be denied.

---

2. Petitioner's brief erroneously designates the year as 1939.

3. See government's brief, p. 2.