UNITED STATES of America

v.

Rocco DI PIPPA, alias Roxie Long.

Cr. Nos. 13295, 13296.

United States District Court
W. D. Pennsylvania.

March 12, 1962.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

A. Arthur Boscia, Pittsburgh, Pa., for Rocco DiPippa.

MARSH, District Judge.

The petitioner, Rocco DiPippa, filed a "Petition for Writ of Habeas Corpus" which we treat, in accordance with his desire, as a petition to vacate sentence pursuant to § 2255, Title 28 U.S.C.A.

The petition alleges, inter alia, that petitioner pleaded guilty to two indictments, Nos. 13295 and 13296, and was sentenced on July 2, 1951 to imprisonment for nine years.[1]

On October 5, 1953, petitioner moved to vacate the sentences imposed on these two convictions. But pursuant to the mandate of the Court of Appeals, the sentence at Indictment No. 13295 was corrected to one year imprisonment to run concurrently with the sentence imposed at Indictment No. 13296. The sentence at Indictment No. 13296 was affirmed by the Court of Appeals, 3 Cir., 214 F.2d 807 (1954).

We assume from DiPippa's complaint that he is now serving the sentence imposed at Criminal No. 13296. This assumption was verified and explained by the communication received by the United States Attorney from J. D. Riggsby, Chief, Classification & Parole Department at the United States Penitentiary at Lewisburg, Pennsylvania, where petitioner is presently confined.[2]

A rule to show cause was issued. A. Arthur Boscia, Esq., who was DiPippa's

1. The facts concerning the crimes are fully set forth in United States v. Marpes, 198 F.2d 186 (3d Cir. 1952).

2. See also, DiPippa v. Willingham, 199 F. Supp. 733 (M.D.Pa.1961), aff'd 3 Cir., 296 F.2d 730.

counsel of choice at the time of his conviction in 1951, was appointed to represent him at the hearing on the rule.

 An examination of the pertinent records and transcripts [3] show conclusively that petitioner is not entitled to relief for any reason set forth in his motion to vacate and set aside the judgment. It would be completely superfluous to order a hearing to take testimony in order to find as a fact that which the record already clearly and convincingly discloses. Starks v. United States, 264 F.2d 797, 799 (4th Cir. 1959); United States v. Dorsch, 156 F.Supp. 61, 63 (W.D.Pa. 1957).

Petitioner contends the sentence was illegal because at the time he was arraigned he was not represented by counsel. However, the records show that DiPippa was arraigned on April 16, 1951; that he was represented by his chosen counsel, A. Arthur Boscia, Esq., that his counsel was present and that petitioner entered a plea of Not Guilty. (Copy of Transcript of April 16, 1951, marked Exhibit C.) The Indictment at No. 13296, which was found, bears DiPippa's signature to this plea of Not Guilty, under date of April 16, 1951.

Subsequently, when called for trial on May 16, 1951, in the presence of his counsel, DiPippa changed his plea to Guilty. (See Transcript of May 16, 1951, filed February 14, 1962). The Indictment at No. 13296 bears his signature to his plea of Guilty under date of May 16, 1951. The trial proceeded against some of his co-defendants and they were found guilty by a jury. See: United States v. Marpes, 198 F.2d 186 (3d Cir. 1952).

Petitioner also contends that his sentence was illegal because the court failed to ask him if he had anything to say before sentence was imposed. The transcript of the sentencing proceeding shows that the petitioner was given every opportunity to speak, and did so at length. (Transcript of July 2, 1951, at pp. 17–19.) [4]

An appropriate order will be entered denying the petition.

---

3. The Clerk has been unable to produce all of the original papers in the file, but from petitioner's previous motion to vacate, copies of substantially all of the missing papers and transcripts were produced and made part of the record, without objection on the part of petitioner's counsel. (See Transcript of February 19, 1962, filed February 23, 1962.)

4. Mr. Shaughnessy, the official reporter, neglected to sign the certificate of the Transcript which he filed with me; and his whereabouts are presently unknown.