**UNITED STATES of America, Appellant,**

v.

**Ralph George CIONGOLI.**

**No. 15396.**

United States Court of Appeals Third Circuit.

Argued Dec. 14, 1965.

Decided March 23, 1966.

---

440

Thomas A. Daley, Asst. U. S. Atty., W. D. of Pennsylvania, Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellant.

James A. Ashton, Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

The United States has taken this appeal, as authorized by the Criminal Appeals Act, 18 U.S.C. § 3731, from an order dismissing an indictment without prejudice.

The indictment charged the accused with concealing and retaining "fifty-one (51) stolen United States Postal Money Orders" which were "of a value in excess of $100.00" in violation of section 641 of title 18, United States Code. The statute provides that "[w]hoever receives, conceals, or retains * * * [any property of the United States] with intent to convert it to his use or gain, knowing it to have been * * * stolen * * * [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both".

The defendant moved to dismiss the indictment, supporting his motion with an affidavit averring that "the money orders were blank and as such had no face or par value nor any market value and that the cost price of said money orders was less than $100.00". At the hearing on this motion, the prosecution conceded that the money orders were blank but asserted that it would prove that the defendant offered them for sale for more than $100.00 and that in illicit trade their aggregate value exceeded $100.00. The court thereupon granted the motion to dismiss, without prejudice. We think this ruling was in error for two reasons.

■ First, under the present indictment the defendant could be convicted and punished for concealing property of value less than $100. Robinson v. United States, 8th Cir., 1964, 333 F.2d 323; Larson v. United States, 10th Cir., 1961, 296 F.2d 80. The essential wrong which the statute proscribes is the misappropriation of government property, knowing that it has been stolen. Thus, no particular value of the stolen property need be alleged or proved to sustain a conviction, though in such a case only the lesser punishment can be imposed. United States v. Marpes, 3d Cir., 1952, 198 F.2d 186. It is only the gravity or degree of the offense, as measured by the seriousness of the harm of the state, which varies with the value of the stolen property. Cf. Kanton v. United States, 7th Cir., 1965, 345 F.2d 427. For present purposes it makes no difference whether the legislative scheme is viewed as providing degrees of a single crime or a greater offense and a like included lessor offense. Cf. Salinas v. United States, 9th Cir., 1960, 277 F.2d 914. For, in either view, a charge of the more serious wrong necessarily includes all elements that must be charged to establish the lesser wrong, plus an aggravating circumstance.

■■ Thus, if the more serious wrong is charged and evidence concerning the aggravating circumstance is conflicting, it is fair, in keeping with the legislative design, and legally proper to instruct the jury that the defendant may be convicted of the lesser wrong. Larson v. United States, supra; see Sansone v. United States, 1965, 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed.2d 882. Perhaps the most striking application of the general doctrine occurs when, after conviction of the greater offense, the court is persuaded that there was no sufficient proof of the aggravating circumstance. The conviction can stand, but with a sentence appropriate for the lesser included offense. Robinson v. United States, supra; United States v. Wilson, 4th Cir., 1960, 284 F.2d 407. It should also be pointed out that Rule 31(c), Federal Rules of Criminal Procedure, expressly provides that a "defendant may be found guilty of an offense necessarily included in the offense charged". Thus, the possibility of conviction and punishment for concealing property worth less than $100 under the present indictment was in itself a sufficient reason for denying the motion to dismiss.

■ But apart from this possibility, we think the court should not have decided on a motion to dismiss that the government could not prove the greater offense as charged. Perhaps the concession at the hearing on the motion that the money orders were blank could be treated as an amplification of the indictment, equivalent to a bill of particulars. But we think it does not follow as a matter of law that fifty-one blank money orders could not have a "market value"[1] of more than $100. United States v. Kramer, 2d Cir., 1961, 289 F.2d 909. True, any such value would be in the course of illegal trade with a view to criminal misuse of the money orders. It might also appear at trial, as the defendant predicts in his brief, that proof of such value would be so inadequate as to make any finding on this issue improperly speculative. But this is a doubt-

---

1. Section 641, under which the defendant was indicted, defines "value" as "face, par or market value".

ful matter of proof which should be resolved upon the evidence as introduced at trial, rather than on a preliminary challenge to the sufficiency of the charge. Cf. United States v. Fruehauf, 1961, 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 476; United States v. Ginzburg, 3d Cir., 1964, 338 F.2d 12. The prosecution may find it difficult to prove value in excess of $100, but we think it has not conceded that it cannot do so and it is entitled to try.

The order dismissing the indictment will be reversed.