**Donald JALBERT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 22237.

United States Court of Appeals
Fifth Circuit.

April 3, 1967.

Rehearing Denied June 12, 1967.

Paul Frederick Rothstein, Joel J. Finer, Austin, Tex., Donald Jalbert, Miami, Fla., for appellant.

James O. Murphy, Jr., and Donald Bierman, Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge and BREWSTER, District Judge.

PER CURIAM:

The two count indictment in this case charged appellant and his two co-defend-

ants (1) with unlawfully receiving and retaining 825 stolen U. S. Postal Money Orders having a value of $82,500.00, with knowledge that they were stolen and with intent to convert them to their own use, in violation of 18 U.S.C. § 641, and (2) with conspiracy to violate that statute by such receipt and retention, in violation of 18 U.S.C. § 371. Each defendant was convicted on both counts, and the two other than appellant accepted their sentences without appeal. The appellant received a five year term on each count, and the sentences were run concurrently.

The appellant's chief complaints are that the evidence was insufficient to show that the value of the stolen money orders was in excess of $100.00, and that the manner of submission to the jury of the issue of value was improper.

A careful consideration of the record has led us to the conclusion that there was sufficient evidence to warrant the jury in finding that the aggregate value of the 823 stolen blank money orders in the possession of appellant and his confederates exceeded $100.00. United States v. Ciongoli, 3 Cir., 358 F. 2d 439 (1966); United States v. Kramer, 2 Cir., 289 F.2d 909, 920 (1961); United States v. Marpes, 3 Cir., 198 F.2d 186. Both *Ciongoli* and *Kramer* hold that the value of a stolen blank postal money order is not limited to the worth of the paper itself or to its use in legitimate business channels. *Ciongoli* specifically says that it is proper, in a prosecution under 18 U.S.C. § 641, to consider the value "in the course of illegal trade with a view to criminal misuse of the money orders." The very nature of that kind of value would make direct evidence difficult to obtain, and the government sought here to prove value in excess of $100.00 by circumstantial evidence, as was done in *Marpes,* supra. Wharton's Criminal Evidence (1955), 12th Ed., at p. 472, states the rule in criminal cases to be that: "Any fact may be established by circumstantial evidence as sufficiently and completely as by positive

direct evidence * * *" We could not reasonably say that while circumstantial evidence can be relied upon to prove vital components of offenses, such as corpus delicti, connection of the accused with the crime, etc., it cannot be used to prove a circumstance that only aggravates the punishment. There is nothing in statutes of this nature that requires the prosecution to prove the exact or the approximate value of the stolen property received. It is sufficient if the evidence shows that the aggregate value is in excess of $100.00. It would unduly lengthen this opinion, without serving any useful purpose, to detail all the circumstances here. Suffice it to say that such requirement was met by the circumstances of the great number of the money orders, their potential in legitimate channels when filled out so as to appear valid, the possession by the defendants of the necessary equipment to make them appear valid on their face, the underworld market for them whether filled in or not, and all the more detailed circumstances, including the entire conduct of the participants in the offense.

We approve the method used in submitting the issue of value to the jury. The forms of verdict provided for the jury called for a finding on the guilt or innocence of each defendant on each count and for a separate finding on whether the value of the property involved was more or less than $100.00. The question of value in this kind of case deals only with punishment, and not with guilt. United States v. Ciongoli, supra, 358 F.2d, at 441. When these forms of verdict are considered in the light of the Court's charge, the value issue was fairly and properly submitted to the jury.

The concurrent sentences make it unnecessary for us to consider the further contention relating only to the conviction on the substantive offense. However, we have carefully examined all the points raised, and conclude that they present no reversible error.

Counsel appointed to represent appellant on appeal are commended for the brief and argument presented by them to this Court.

The judgment is affirmed.