JONES, Justice:
Appellant was convicted in the Circuit Court of Jackson County of receiving stolen property of sufficient value to render the offense a felony, and he was sentenced to a term of five years in the penitentiary, hence this appeal.
There are three assignments of error: one alleges that the State failed to prove value of the property received, which consisted of a large number of United States Postal money orders; one charges that the indictment failed to allege intent to defraud; and the other, that the Jackson County Circuit Court had no jurisdiction.
The indictment was drawn under Section 2249, Mississippi Code 1942 Annotated (1956), and followed the wording of said statute. It was not necessary to allege any specific or unlawful intent in the indictment. Renfrow v. State, 154 Miss. 523, 122 So. 750 (1929).
The facts were that a car in which the appellant was riding was stopped by officers in Jackson County and money orders stolen from a post office in Louisiana were found therein. Section 2431, Mississippi Code of 1942 Annotated (1956), under these facts, gave jurisdiction to the Circuit Court of Jackson County.
The other assignment involves the value of the property so stolen and alleges that the State failed to prove the value as must be done before sentence as for a felony can be inflicted. Miss .Code Ann.1942 § 2538; Crowell v. State, 195 Miss. 427, 15 So.2d 508 (1943).
Mr. J. H. Hilton, an inspector for the United States Post Office Department, testified that sometime prior to May 20, 1967, a United States Post Office in New Orleans, known as the Lakeview Classified Station, was burglarized. This inspector identified the money orders as ones that were taken from that post office during the burglary. Six of the money orders so introduced were completed by being made payable to one Ben J. Gentry and shown to be remitted by Mrs. B. Gentry; four as so filled in were for the amount of $50 each; and one was for $30. The other, accord-to the record here, at one place had the figure $50 inserted, and at another, had the words “Not Valid for more than $30.00” inserted. As completed they appeared valid and had a negotiable value of more than $200. In addition, there were numerous other blank money orders, there being a total of approximately 352 other than the ones with the blanks filled. The inspector testified that these which had the blanks filled as shown were negotiable. Their potential value by criminal misuse in legitimate circles was large.
The question of the value of postal money orders has been considered in the federal courts, at least the Third, Second, and Fifth Circuits. The Fifth Circuit in Jalbert v. United States, 375 F.2d 125 (5th Cir. 1967), found that the value was not to be determined by the scales of a legitimate, lawful, and honest business, but the value was to be considered as in the course of illegal trade with a view of criminal misuse of the orders. We quote from J albert:
A careful consideration of the record has led us to the conclusion that there was sufficient evidence to warrant the jury in finding that the aggregate value of the 823 stolen blank money orders in the possession of appellant and his confederates exceeded $100.00. United *882 States v. Ciongoli, 3 Cir., 358 F.2d 439 (1966); United States v. Kramer, 2 Cir., 289 F.2d 909, 920 (1961); United States v. Marpes, 3 Cir., 198 F.2d 186. Both Ciongoli and Kramer hold that the value of a stolen blank postal money order is not limited to the worth of the paper itself or to its use in legitimate business channels. Ciongoli specifically says that it is proper, in a prosecution under 18 U.S.C. § 641, to consider the value “in the course of illegal trade with a view to criminal misuse of the money orders.” The very nature of that kind of value would make direct evidence difficult to obtain, and the government sought here to prove value in excess of $100.00 by circumstantial evidence, as was done in Marpes, supra. Wharton’s Criminal Evidence (1955), 12th Ed., at p. 472, states the rule in criminal cases to be that: “Any fact may be established by circumstantial evidence as sufficiently and completely as by positive direct evidence * * We could not reasonably say that while circumstantial evidence can be relied upon to prove vital components of offenses, such as corpus delicti, connection of the accused with the crime, etc., it cannot be used to prove a circumstance that only aggravates the punishment. There is nothing in statutes of this nature that requires the prosecution to prove the exact or the approximate value of the stolen property received. It is sufficient if the evidence shows that the aggregate value is in excess of $100.00. It would unduly lengthen this opinion, without serving any useful purpose, to detail all the circumstances here. Suffice it to say that such requirement was met by the circumstances of the great number of the money orders, their potential in legitimate channels when filled out so as to appear valid, the possession by the defendants of the necessary equipment to make them appear valid on their face, the underworld market for them whether filled in or not, and all the more detailed circumstances, including the entire conduct of the participants in the offense. 375 F.2d at 126.
While there is no evidence in this case of the possession of the necessary equipment mentioned above, there is proof that several of the money orders had been completed, and according to the evidence of the Postal Office Inspector, they were negotiable. We think this was sufficient to justify a finding and sentence of and for a felony under Section 2538, supra.
It was not necessary for the indictment to allege value. Bell v. State, 251 Miss. 511, 170 So.2d 428 (1965). The case is affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, IN-ZER and SMITH, TJ., concur.