**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert A. SINGLETARY, Defendant-Appellant.**

**No. 30698**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 1, 1971.

* [1]  Rule 18, 5th Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

Floyd G. Yeager, Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Harvey E. Schlesinger and Joseph W. Hatchett, Asst. U. S. Attys., Jacksonville, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Robert A. Singletary appeals from an order of the district court denying his motion under 28 U.S.C. § 2255 for modification and correction of his sentence. We affirm.

Singletary was charged in Counts I and II of a six-count indictment. Count I alleged a conspiracy under 18 U.S.C. § 371 to commit two offenses against the United States. The first offense was receiving, concealing, and retaining stolen United States Postal money orders valued in excess of $100 with the intent to convert them to his own use, a violation of 18 U.S.C. § 641. The second offense was falsely making forging, counterfeiting, passing, and uttering United States Postal money orders with the intent to defraud, a violation of 18 U.S.C. § 500. Count II charged that the defendant did knowingly receive, conceal, and retain stolen United States Postal money orders with the intent to convert them to his own use, a violation of 18 U.S.C. § 641. Singletary waived trial by jury and pleaded guilty to both the conspiracy and receiving and concealing counts. The district court sentenced him to serve two consecutive five-year terms in the custody of the Attorney General.

Some twenty months later—in September 1970—Singletary filed a pro se motion in the district court under 28 U.S.C. § 2255 seeking reduction of the sentence imposed on the conspiracy count from five years to one year. The gist of Singletary's argument is this: the federal conspiracy statute, 18 U.S.C. § 371, provides that if the offense the commission of which is the object of the conspiracy is only a misdemeanor, the punishment for the conspiracy shall not exceed the maximum punishment provided for the misdemeanor. Singletary argues that the offenses alleged as the objects of the conspiracy in his case were only misdemeanors because Count I of the indictment did not allege that the value of the stolen money orders exceeded $100.[1] In

---

1. By statutory definition a "misdemeanor" is any offense punishable only by a fine or imprisonment for a term of not more than one year. See 18 U.S.C. § 1. Thus one who knowingly receives and conceals stolen property valued at less than $100 is guilty only of a misdemeanor, inasmuch as 18 U.S.C. § 641 limits punishment in that case to a fine of not more than $1,000 or imprisonment for not more than one year, or both. Before the court can impose a greater penalty for a violation of 18 U.S.C. § 641, the Government must allege and prove that the value of the stolen property exceeded $100. Churder v. United States, 8 Cir. 1968, 387 F. 2d 825, 832–833; United States v. Ciongoli, 3 Cir. 1966, 358 F.2d 439, 441.

Singletary's view the district court, in accepting his plea of guilty, should have inquired further into the value of the stolen money orders. He argues that it was error for the court to assume that the value of the stolen money orders exceeded $100 and to sentence him accordingly. He concludes that for want of proof of a value in excess of $100 the sentence imposed on the conspiracy count should be reduced to one year, the maximum punishment allowed by 18 U.S.C. § 641 when the value of the stolen property does not exceed $100. Holding that the record affirmatively showed that the value of eleven of the stolen money orders exceeded $100, the district court denied the motion.

█ We have examined the briefs and the record and have found no error either in the district court's sentencing procedure or in Singletary's sentence. Before accepting Singletary's plea of guilty, the district court held a Rule 11 hearing.[2] At the hearing the court inquired of Singletary personally whether he was entering his plea of guilty voluntarily and whether he understood the nature of the charges against him and the consequences of his plea of guilty. After the defendant responded affirmatively, the court listened to a report by a United States Postal Inspector summarizing the Government's evidence against Singletary. Then only after Singletary ad-

mitted the truth of the Postal Inspector's report did the court accept his plea of guilty. Having satisfied itself that there existed a factual basis for Singletary's plea of guilty, the district court was under no duty to inquire further into the facts of the case: a plea of guilty, if voluntarily and understandingly made, admits all the elements of the crime charged. Busby v. Holman, 5 Cir. 1966, 356 F.2d 75, 77.

█ Moreover, there is one basic flaw in Singletary's argument. Count I of the indictment charged a conspiracy not only to receive and conceal stolen money orders but also to falsely make, forge, or counterfeit money orders with the intent to defraud, a violation of 18 U.S.C. § 500. All violations of 18 U.S.C. § 500 are felonies regardless of the value of the property involved.[3] Since Singletary admitted that he was guilty of having conspired to commit this felony, the misdemeanor provision of 18 U.S.C. § 371 was inapplicable.

█ Finally, the district court committed no error in sentencing Singletary to serve consecutive, rather than concurrent, terms or in sentencing Singletary's codefendants to serve shorter terms.

For these reasons the judgment of the district court denying Singletary's motion for modification and correction of sentence is affirmed.

---

2. Rule 11, F.R.Crim.P., provides in part that [t]he court * * * shall not accept [a plea of guilty] or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

3. By statutory definition a "felony" is any offense punishable by death or imprisonment for a term exceeding one year. *See* 18 U.S.C. § 1. Inasmuch as 18 U.S.C. 500 provides that violations of the statute may be punished by imprisonment for five years, and contains no qualification such as that in 18 U.S.C. § 641, any violation of the statute is a felony regardless of the value of the property involved.