**Marvin McKinley MORRISON**
v.
**UNITED STATES of America.**
**CA No. 1-521.**

United States District Court,
N. D. Texas,
Abilene Division.

May 14, 1971.

Conard Florence, Fort Worth, Tex., for the Government.

Marvin Morrison, pro se.

## MEMORANDUM ORDER DENYING MOTION TO VACATE SENTENCE

BREWSTER, District Judge.

The petitioner, Morrison, brings this action under 28 U.S.C. § 2255 seeking to vacate his judgment of conviction and sentence in Cr. 1–98, United States of

America v. Marvin McKinley Morrison and Joe Frederick McDonald, in this Court on May 21, 1968. Morrison was convicted under count 1 of the indictment which alleged a violation of 18 U.S.C. § 2113(a), (d).

This is Morrison's fourth effort to get his conviction set aside. The first was by direct appeal perfected with the help of his employed counsel who represented him during his trial. He discharged that lawyer before the record reached the appellate court, and a lawyer was appointed by the Court of Appeals to represent him on appeal. Petitioner decided that he would get better results by "bombarding", to use his language, the courts with post-conviction attacks than by direct appeal; so he dismissed his appeal against the advice of his lawyer.[1] The next attack on the conviction was in the form of a motion for new trial on newly discovered evidence based upon an alleged recantation by McDonald of his testimony that incriminated Morrison. An evidentiary hearing taking a good part of a day was held on that motion, with Morrison and his appointive counsel and McDonald present. No appeal was taken from denial of that motion. The third attack on his conviction was a post-conviction application based upon the claim that the testimony incriminating him given by McDonald on his trial was perjured and that the government knew it at the time. Experienced and exceptionally competent lawyers were appointed to represent Morrison, and an evidentiary hearing consuming most of three days was held on that application with Morrison and McDonald both present. Morrison was brought from the penitentiary at Leavenworth and McDonald from a penitentiary in West Virginia for the hearing. Morrison, continuing his insistence that he knew more about criminal law than most lawyers, fired his two fine attorneys without cause in the midst of the hearing and assumed complete control of his case from there on. The denial of that motion, Morrison v. United States, D.C. N.D.Tex., 321 F.Supp. 286 (1969), was upheld on appeal, 432 F.2d 1227 (5 Cir. 1970). The present application is the fourth sortie of petitioner's "bombardment" plan.

The indictment contained two counts. The first count charged that Morrison aided and abetted McDonald in the robbery of the federally insured bank in Big Spring, Texas, by putting the life of the bank president in jeopardy by the use of a pistol, in violation of 18 U.S.C. § 2113 (a), (d). The second count alleged that Morrison aided and abetted McDonald in abducting the bank president after the robbery for the purpose of avoiding and attempting to avoid apprehension, in violation of 18 U.S.C. § 2113(e).

The evidence showed that while McDonald, the younger man, actually committed the robbery, Morrison masterminded it. The facts are set out in detail in the district court opinion above cited. Morrison, a recidivist with a record of violence, received a twenty-five year sentence.

The present motion to vacate claims that Morrison's conviction and sentence should be set aside under the doctrine of Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). Some Fifth Circuit cases applying the *Milanovich* doctrine are: Baker v. United States, 357 F.2d 11 (1969); Eakes v. United States, 391 F.2d 287 (1968); Thomas v. United States, 418 F.2d 567 (1969); and United States v. Suel, 435 F.2d 1272 (1970). The petitioner claims that both counts of the indictment were submitted to the jury with

1. The following is taken from the opinion upholding the denial of the first post-conviction application. After referring to the discharge by petitioner of three lawyers who represented him at various stages of the trial court proceedings, the Court of Appeals said in footnote 1 on page 1229 of 432 F.2d 1227, " * * * other appointive counsel for appellant on his direct appeal had been subjected to a series of threats, abusive vilification and ultimatums from appellant, who demanded that his direct appeal be dismissed. On appellant's specific written demand the appeal was dismissed."

instructions that he could be found guilty under each count; and that, following such instructions, the jury did find him guilty on both counts. In an obvious attempt to make his claims fit Thomas v. United States, *supra,* petitioner says that the "Court imposed no sentence on Count 2, treating it as surplusage, and sentenced the petitioner to twenty-five years imprisonment on Count 1." He then argues that the claimed error was not cured because there was no way of knowing whether the jury would have convicted him on count 1 or count 2, or on either, if they had not been instructed that they could convict on both counts.

No evidentiary hearing is necessary and the petitioner's motion to vacate must be denied because the files and records of the case conclusively refute petitioner's claims. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Berlanga v. United States, 5 Cir., 394 F.2d 615 (1968); Riggins v. United States, D.C.N.D.Tex., 255 F.Supp. 777, 779 (1966).

Contrary to the petitioner's claim, *only* count 1 was submitted to the jury. There were no objections to the charge, and no requested instructions were presented by Morrison. The entire verdict of the jury read:

"We, the Jury, find the defendant MARVIN McKINLEY MORRISON Guilty of the charge in count 1 of the indictment.

"If you have found the defendant guilty by your general verdict, please answer this question:

"Do you find from the evidence beyond a reasonable doubt that McDonald, in committing the robbery, if he did, assaulted Robert William Currie and put the life of Robert William Currie in jeopardy by the use of a pistol?

"The form of your answer will be either 'he did' or 'he did not'.

"ANSWER: He did." [2]

Upon the verdict of the jury, the judgment decreed that Morrison was guilty of the offense charged in count 1 and fixed his punishment under that count at twenty-five years in the custody of the Attorney General. The judgment dismissed count 2.

Under these circumstances, the Milanovich doctrine is not applicable.

This opinion is not to be construed to mean that this Court was convinced that the two offenses charged in the present indictment came within the Milanovich doctrine. They were based upon separate and distinct acts, rather than upon the fragmentation of the one act of robbing the bank with a pistol. The abduction of the banker alleged in the second count occurred after the robbery had been completed. McDonald needed transportation to get from the bank to the discount store parking lot three or four miles across town where he was to rendezvous with Morrison. He forced the bank president to furnish a car and drive him to the parking lot. When they got there he had the elderly man lie down in the rear seat of the car, and then beat him over the head with a pistol until he was unconscious. That was in accordance with the original plan so that he would not see Morrison and McDonald together and could not give a description of their getaway car.

The opinion in the Eakes case had come down shortly before the trial of the present case in May, 1968. While the Eakes case involved only subdivisions (a), (b), (c) and (d) of 18 U.S.C. § 2113, this Court did not have an opportunity, after it learned during the trial that the issue was involved, to research the question to see if subdivision (e) of Sec. 2113, on which count 2 was based, also came within the Milanovich doctrine

---

2. This form of verdict is in accord with the one approved in Jalbert v. United States, 5 Cir., 375 F.2d 125 (1967), for use in cases where special circumstances might enhance the punishment.

**4**

discussed in the Eakes case. Morrison was therefore given the benefit of the doubt and only one count was submitted to the jury. There is no question about the fact that he got all he was entitled to in this respect. He may well have got more.

It is accordingly ordered that the petitioner be allowed to file his petition without payment of costs or giving security therefor, and that this action be thereupon dismissed on its merits.