**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lawrence HILL, Defendant-Appellant.
No. 14318.**

United States Court of Appeals
Seventh Circuit.

May 19, 1964.

R. Eugene Pincham and Charles B. Evins, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Douglas G. Brown, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Two alleged sales of narcotics are involved in this case. The defendant was found guilty by a jury verdict. In the trial, the Government was required to rely largely on the testimony of one Brown who was a "special employee" of the Federal Bureau of Narcotics, and was also a thrice-convicted felon, one of the convictions being on the charge of post-office safe robbery.

Defendant contends he did not receive a fair or impartial trial by reason of the trial court's advocacy for and on behalf of the prosecution, the Court's cross-examination of the defendant and defendant's witnesses, and the alleged prejudicial and erroneous instructional comment on the evidence and other comments.

We think this was a close case. Defendant, at all times, denied trafficking in narcotics. None of the pre-recorded currency nor the narcotics or paraphernalia used in connection therewith, were found in defendant's possession. The testimony of "special employee" Brown was practically uncorroborated except for the agents' identification of defendant's voice which was heard by the agents for

the first time over the telephone and a battery-powered transmitting and receiving set, sometimes referred to as a "Fargo Device."

■ ■ We agree with the Court's statement in Gomila v. United States, 5 Cir., 146 F.2d 372, 373–374: " * * * A fair and impartial trial is guaranteed to every defendant, and fundamentally means a trial before an impartial judge and by an impartial jury. In aid of truth and in furtherance of justice, the court may question a witness,—in fact, he may call and question a witness not used by either party,—but in so doing the court should be careful to preserve an attitude of impartiality and guard against giving the jury any impression that the court was of the opinion that defendant was guilty. * * * "

■ Also pertinent is United States v. Carmel, 7 Cir., 267 F.2d 345, 350 where this Court stated: "We realize that an alert and capable judge at times feels that he can assist in developing the evidence by participating in the interrogation of witnesses. However, he would ordinarily do well to forego such intrusion upon the functions of counsel, thus maintaining the court's position of impartiality, in the eyes of the ever-observant jurors. The record in this case reveals no justification for the extensive intervention of the able trial judge."

■ A reading of the record discloses that in the case at bar, the trial court did participate extensively in the cross-examination of the defendant. The Government was represented by able trial counsel and there was no apparent reason why that counsel needed any help on the cross-examination of the defendant or defendant's witnesses. The trial court asked thirty-five questions of the defendant on cross-examination, and a number of them were so phrased that the jury might well have received the impression that the judge was doubtful of the truthfulness of many of the defendant's statements made under oath.

In contrast to the extensive questioning by the Court of defendant and his witnesses, the Court asked only two questions of Government witnesses. Defendant's counsel claims, with some justification, that each of these questions brought out answers very favorable to the Government. Defendant's counsel points out the trial court had heard the testimony of these same witnesses in a previous trial and therefore knew what the answers would be. We are reluctantly forced to the conclusion that the extensive cross-examination of the defendant and his witnesses was, under the circumstances of this case, error.

On this appeal, the Government does not, and indeed could not, contend the trial judge had not, time after time, intruded himself in the cross-examination of defendant and his witnesses, but the Government does contend that any errors were harmless and points out that no objections were made by defendant's counsel to some of the Court's questions which are now criticized.

Counsel for defendant in a criminal case, is indeed in a difficult and hazardous predicament in finding it necessary to make frequent objections in the presence of a jury to questions propounded by the trial judge. The jury is almost certain to get the idea that the judge is on the side of the Government. The cloak of impartiality which the judge should wear is destroyed.

However, the record before us shows that defendant's counsel did, on a number of occasions, the best he could in protecting his client's interest while attempting not to antagonize the jury. As an illustration we quote the following:

Counsel: "Respectfully, Your Honor, I object to the Court's inquiry.

Court: The objection is overruled. Go ahead.

Counsel: I have to make the objections, of course, Your Honor, and so—

Court: You may make them.

Counsel: I have to make such objections, Your Honor, with the greatest delicacy."

We hold the cumulative effect of the Court's questions and statements constituted prejudicial error requiring a new trial.

Defendant offered into evidence and the Court excluded, a tape recording of his telephone voice, in order that the jury might have the benefit of comparing his voice thereon with his alleged voice on the Government's recording.

Inasmuch as a new trial will be held, the question probably will again be raised as to the admissibility of the recording of his voice which plaintiff had made. If such recording were made by a "Fargo Device" and a proper foundation is laid as to the manner and conditions under which the recording were made, we suggest that a question of credibility is involved.

Reversed and remanded for a new trial.