Loy Lavator **BAKER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 22395.

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1966.

Sydney B. Nelson, Shreveport, La., for appellant.

E. V. Boagni, Asst. U. S. Atty., Shreveport, La., Edward L. Shaheen, U. S. Atty., Q. L. Stewart, Asst. U. S. Atty., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.

COLEMAN, Circuit Judge:

This appellant stands convicted of bank robbery and receipt of stolen money, the proceeds of the robbery, in violation of 18 U.S.C., Section 2113. The first count of the two count indictment charged that on or about March 19, 1963, the appellant did knowingly aid, abet, counsel, and induce L. C. Evans and Larry Lee Bailey in the robbery of the Sarepta Branch of the Minden Bank and Trust Company, Sarepta, Louisiana, of the approximate sum of $11,245 in currency, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C., Section 2113.

The second count charged that the appellant did receive, possess, and conceal said money, then well knowing that it belonged to and had been unlawfully taken from the said Bank in violation of 18 U.S.C., Section 2113(b) and (c).

The appellant was found guilty on both counts. He was sentenced to fifteen years imprisonment on the first count. On the second, sentence was suspended and five years probation was set to begin upon completion of the first sentence.

On this appeal, appellant urges reversible error on the following grounds: (1) Restricting the defendant to only five character witnesses; (2) extensive cross examination of the defendant by the trial court in a manner which probably led the jury to believe that the judge doubted the truthfulness of his testimony; (3) in allowing an F.B.I. Agent to testify that appellant indicated he wanted a lawyer when first questioned, (4) in an instruction defining the meaning of reasonable doubt; (5) in refusing to grant a motion for a new trial when it was shown that the jury was selected in a manner which took race into consideration; and, (6) that the court committed plain error when it failed to charge that the defendant could be convicted either of the robbery or of receiving the proceeds of the robbery, *but not of both.*

Upon careful consideration, we find no reversible error in limiting the number of character witnesses. Michelson v. United States, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168. Nor do we perceive error in the charge defining reasonable doubt, Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021.

The serious question is posed by the sixth ground, which brings us face to face with the decision of the Supreme Court in Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. It was there held that a separate sentence under 18 U.S.C., Section 2113(c) for receiving stolen property was invalid, since that sub-section was not designed to increase the punishment for one who robs a bank, but only to provide punishment for those who receive the loot from the robbery. If the law stopped at that point, the conviction now on appeal would present no difficulty. The sentence for receipt of the stolen money, as stated in *Heflin,* could simply be set aside under Rule 35 of The Federal Rules of Criminal Procedure.

In 1961, however, the Supreme Court decided Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773. In that case the petitioners were husband and wife. They were both convicted in a federal district court for stealing currency from a commissary store at a United States Naval Base. The wife was convicted also on a separate count for receiving and concealing the stolen cur-

rency. The prosecution was brought under 18 U.S.C. § 641.[1]

The Supreme Court held that the wife could not validly be convicted both for stealing government property and for receiving and concealing the same property, that the trial judge erred in not charging the jury that it could convict the wife of either larceny or receiving, but not of both, and that since there was no way of knowing whether a properly instructed jury would have found the wife guilty of larceny or of receiving, or of neither, the mere setting aside of the shorter concurrent sentence for receiving did not suffice to cure any prejudice resulting from the judge's failure to instruct the jury properly. The case was remanded to the district court for a new trial.

■ In the case now before us for decision, the appellant was indicted and prosecuted for aiding, abetting, counseling, and inducing Evans and Bailey to commit the actual robbery. Thus he was deemed a principal under 18 U.S.C.A., Section 2.[2] The proof on behalf of the government was to the effect that appellant personally transported the actual robbers to the scene, pointed out an automobile belonging to one of the bank employees for use as the get-away car, and shortly afterwards met the actual robbers at a previously designated place in the woods, where he received the loot. Obviously, this was all one continuous, uninterrupted transaction. Since appellant was a principal in the robbery, he could not be convicted of receiving the

proceeds under the *Heflin* rule. Nor could he be prosecuted for both in the absence of the instruction required by *Milanovich*. No such instruction was given.

This requires a judgment here that the case be reversed and remanded for further proceedings not inconsistent with what is here said, following the rule announced in *Milanovich*.

Since the case is most likely to be tried again, we consider it unnecessary to pass on the jury question raised in Assignment Number 5. It was raised in this case after the jury had returned its verdict and appellant had been duly sentenced. What the facts may be as to the constitution of the jury on another trial can be developed at that time.

■ As to Assignment Number 3, and in the thought that the question may occur again on a new trial, we hold that it was reversible error to have allowed the F.B.I. Agent to testify that when appellant was first questioned, he indicated that he wanted a lawyer and thereafter made no further statement. We note that the testimony was first developed outside the hearing of the jury, after which it was deliberately presented. In asking for counsel before making any statement, appellant was exercising a Constitutional right which the Supreme Court has time and again declared to be guaranteed to all persons accused of crime. To have proven that appellant requested the right of counsel and thereafter made no further statement was, we feel, as objectionable as it would have

1. "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

"Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such prop-

erty does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

2. "(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.

"(b) Whoever causes an act to be done, which is directly performed by him would be an offense against the United States, is also a principal and punishable as such. June 25, 1948, c. 645, 62 Stat. 684."

been to comment on a defendant exercising his Constitutional right not to take the witness stand. We decide this point so there will be no chance of offering this testimony on a second trial.

■ The second Assignment of Error asserts that the trial court erred in cross examining the defendant in a manner that might reasonably lead the jury to infer that the judge was doubtful of the truthfulness of many of the defendant's statements made under oath. We shall not deal with this point at any great length for the reason that the occurrence is not likely to take place at a second trial. The functions of the trial judge in aid of truth and in furtherance of justice to question witnesses, and even to call and question a witness not used by either party, is well recognized in the jurisprudence of this country. At the same time, he must be careful to preserve an attitude of impartiality and guard against giving the jury any impression that he believes the defendant to be guilty. United States v. Hill, 7 Cir., 1964, 332 F.2d 105, is a case in which a conviction was reversed and remanded because the trial court asked 35 questions of the defendant on cross examination and the appellate court considered that a number of them were so phrased that the jury might well have received the impression that the Judge was doubtful of the truthfulness of many of the defendant's statements made under oath. It was there pointed out that counsel for defendant in a criminal case is in a difficult and hazardous predicament in finding it necessary to make frequent objections in the presence of the jury to questions propounded by the trial judge. In that event, the court said, "[t]he jury is almost certain to get the idea that the judge is on the side of the government. The cloak of impartiality which the judge should wear is destroyed".

For the reasons enumerated, the judgment of conviction must be and is

Reversed and remanded.