Commonwealth *v.* Haideman, Appellant.

Argued January 13, 1971; reargued September 26, 1972.

*Carmen P. Belefonte,* with him *Kassab, Cherry, Curran & Archbold,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Vram. S. Nedurian* and *John A. Reilly,* Assistant District Attorneys, *William R. Toal,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 17, 1972:

Appellant, George Haideman, was tried by a jury and found guilty of bookmaking, setting up a gambling establishment and conspiracy. He was sentenced to undergo imprisonment for six to twenty-three months and to pay a fine of $500.00. Following a per curiam affirmance by the Superior Court, we granted allocatur and, in a per curiam order, affirmed the conviction by an equally divided Court. *Commonwealth v. Haide-*

*man*, 284 A. 2d 757 (1971).[1] On March 21, 1972, however, we granted appellant's motion for reargument.

The issue[2] presented is whether the trial court erred in permitting testimony that appellant, upon being advised of his *Miranda*[3] rights, requested counsel and exercised his constitutional right to remain silent. The Commonwealth, in its case in chief, introduced the following testimony of Trooper Kardash: "Q. When you say advised him of the Warrant and the reason of our business, what do you mean, Trooper Kardash? A. He read him his constitutional rights, and he read the Search Warrant to him and the Body Warrant. Q.

[1] Mr. Justice EAGEN and Mr. Justice O'BRIEN joined in the opinion of Mr. Justice ROBERTS which would have reversed the conviction and granted a new trial. That opinion stated "that any testimonial reference to an accused's silence and request for a lawyer at the time of arrest is reversible error, when made in the jury's presence and over timely objection. As aptly stated by the United States Court of Appeals for the Fifth Circuit in the factually similar case of Baker v. United States, 357 F. 2d 11 (1966) : 'In asking for counsel before making any statement, appellant was exercising a Constitutional right which the Supreme Court has time and again declared to be guaranteed to all persons accused of crime. To have proven that appellant requested the right of counsel and thereafter made no further statement was, we feel, as objectionable as it would have been to comment on a defendant exercising his Constitutional right not to take the witness stand.' Id. at 13-14." *Commonwealth v. Haideman*, 284 A. 2d 757, 758 (1971).

[2] Appellant also contends that the court erred (1) by admitting into evidence certain incriminating statements; (2) by failing to submit the issue of voluntariness of the statements; (3) by failing to compel the Commonwealth to identify the informant; (4) by refusing a request for a suppression hearing; (5) by denying a request for a bill of particulars; (6) by failing to prove conspiracy beyond a reasonable doubt; (7) by limiting defense counsel's cross-examination; (8) by permitting testimony that appellant was running a layoff house; and (9) by denying numerous motions for mistrial. In view of our disposition, we need not pass upon these challenges.

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

*When the constitutional rights were read to the defendant, did the defendant say anything?* A. *He didn't say nothing; he calmed down and he shut up."* Defense counsel immediately requested a sidebar conference and objected to such evidence. After a lengthy discussion, the trial court overruled the objection and denied the motion for mistrial. Subsequently, the Commonwealth called Trooper Purcell who testified: "Q. What did you do as you entered? A. Again advised the subject of his constitutional rights, and asked him if he understood what I was speaking of, because naturally there is physical emotion and so forth involved, and he was more settled down, and he was advised of his constitutional rights, which he stated he understood, *and also requested to remain mute pending counsel."*

Testimonial reference to an accused's silence and his request for a lawyer at time of arrest is a constitutionally impermissible violation of the accused's Fifth Amendment right. In *Griffin v. California,* 380 U.S. 609, 85 S. Ct. 1229 (1965), the Supreme Court held that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence [at trial] or instructions by the court that such silence is evidence of guilt." Id. at 615, 85 S. Ct. at 1233.

The difference between prosecutorial use of an accused's silence at *trial* and the use of an accused's silence at time of *arrest* is, as one court stated, "infinitesimal." *Gillison v. United States,* 399 F. 2d 586, 587 (D.C. Cir. 1968). In both instances, the defendant's silence is exploited as evidence of guilt.[4] As the Fifth

---

[4] The Commonwealth suggests that evidence of appellant's silence and request for counsel is relevant for the purpose of showing that he was aware of the circumstances, notwithstanding his hysteria. Here, in fact, appellant did not challenge that he was informed of his rights and that he was aware of the police activity. Accordingly, "this testimony . . . did no more than turn on the red

Circuit observed, "[w]e would be naive if we failed to recognize that most laymen view an assertion of the Fifth Amendment privilege as a badge of guilt." *Walker v. United States,* 404 F. 2d 900, 903 (5th Cir. 1968). It is clear that "[t]he privilege against self-incrimination would be reduced to a hollow mockery if its exercise could be taken as equivalent either to a confession of guilt or a conclusive presumption of perjury." *Slochower v. Board of Higher Ed. of N.Y.,* 350 U.S. 551, 557, 76 S. Ct. 637, 641 (1956).

The Seventh Circuit in *United States v. Kroslack,* 426 F. 2d 1129 (7th Cir. 1970), relied on *Griffin* in concluding that testimony similar to that utilized here was inadmissible. That court said: "It was reversible error for the agent to testify that when the defendant was questioned he refused to make a statement. Baker v. United States, 5 Cir. 357 F. 2d 11 (1966). Defendant had a constitutional right to refuse to make a statement until his request that a lawyer be present was met. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1964). [sic] We find little difference between the prejudice resulting from the testimony admitted in the case before us, and a prosecutor's comment before a jury on a defendant's exercise of his constitutional right not to take the witness stand. Such comments have been held to be reversible error. Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965). The testimony elicited here could well have led the jury to infer guilt from defendant's refusal to make the statement. We think exercise of a constitutional privilege should not incur this penalty." Id. at 1130-31 (footnote omitted). Accord, *United States v. Matos,* 444 F. 2d 1071 (7th Cir. 1971) ; *United States*

---

light of potential prejudice involving the defendant's fifth amendment rights." *United States v. Arnold,* 425 F. 2d 204, 206 (10th Cir. 1970).

*v. Arnold,* 425 F. 2d 204 (10th Cir. 1970) ; *Fowle v. United States,* 410 F. 2d 48 (9th Cir. 1969) ; *Walker v. United States,* supra; *Gillison v. United States,* supra; *Baker v. United States,* 357 F. 2d 11 (5th Cir. 1966) ; *Fagundes v. United States,* 340 F. 2d 673 (1st Cir. 1965) ; *People v. Lampson,* 129 Ill. App. 2d 72, 262 N.E. 2d 601 (1970) ; *People v. Abdul Karim Al-Kanani,* 26 N.Y. 2d 473, 260 N.E. 2d 496 (1970) ; *Galasso v. State,* 207 So. 2d 45 (Fla. Dist. Ct. App. 1968) ; *State v. Dearman,* 198 Kan. 44, 422 P. 2d 573 (1967), cert. denied, 396 U.S. 895, 90 S. Ct. 194 (1969).

In *Fowle v. United States,* supra, the court rejected the use of evidence of an accused's silence at arrest as being constitutionally precluded because such evidence ignores his Fifth Amendment protection and prejudices this guaranteed right. That court reasoned : "We simply cannot adopt an interpretation of the Fifth Amendment under which one exercising his right to remain silent upon and immediately after his arrest—a right which the Supreme Court has so earnestly sought to guarantee and preserve—is severely prejudiced by his recourse to that cherished right. It would be anomalous indeed if honorable law enforcement officers were required to elaborate upon the traditional fifth amendment warning and advise arrested persons, in effect : If you say anything, it may be used against you. You have the constitutional right to remain silent, but if you exercise it, that fact may be used against you." *Fowle v. United States,* 410 F. 2d at 54.

The conclusion we reach is compelled by the Supreme Court's explicit pronouncement that the prosecution may not—as was done here—introduce at trial the fact that the accused "stood mute or claimed his privilege." In *Miranda,* the Court stated : "In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privi-

lege when he is under police custodial interrogation. *The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation.* Cf. Griffin v. State of California. . . ." *Miranda v. Arizona,* 384 U.S. 436, 468 n.37, 86 S. Ct. 1602, 1624-25 n.37 (1966) (emphasis added).

It must, therefore, be held that reversible error was committed in admitting, at trial, evidence of appellant's request for counsel and his silence at time of arrest. To permit such evidence would certainly impair and burden appellant's constitutional privilege and impose the very penalty which *Miranda* specifically forbids.

The order of the Superior Court is reversed, the judgment of sentence is vacated and a new trial granted.

Mr. Chief Justice JONES and Mr. Justice POMEROY dissent.