Commonwealth *v.* Williams, Appellant.

*John J. Scott, Anne F. Johnson* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 14, 1973:

Appellant, Amos Williams, was arrested and indicted on a charge of forcible rape. He was found guilty by a jury and sentence was imposed. In this appeal he claims that his privilege against self-incrimination was violated when a Commonwealth witness referred to his refusal to take a polygraph test and make a formal statement in support of an oral statement. However, appellant's counsel[1] failed to object to such testimony at trial. We find that the admission of such testimony, under the circumstances of this case, was not fundamental error and affirm the judgment of sentence.

At trial, after the Commonwealth presented its evidence, the appellant testified that he was acquainted with the prosecutrix and that his sexual intercourse with her was consensual and not rape. To rebut this testimony the Commonwealth called a police detective who testified that after appellant was arrested and informed of his constitutional rights, he voluntarily

---

[1] Appellant is now represented by other counsel.

made a verbal statement. The detective testified that appellant indicated that he was not previously acquainted with the prosecutrix and at the time of the incident had given her $4, in return for which she agreed to engage in sexual intercourse. Appellant's statement as recited by the detective was also inconsistent with his testimony in several other respects. At the end of his testimony, the detective added: "I then did ask the defendant if he would be willing to give me a formal statement the same as the complainant had and also requested that the defendant take a polygraph test, which is procedure. To both of these requests he refused. He didn't make any more statements." Appellant's trial counsel failed to object. Furthermore, he failed to mention the alleged error in his post-trial motions or argue the same before the court below. Now, on appeal, counsel argues that the admission of this testimony deprived appellant of his right to a fair trial and his privilege against self-incrimination.

Had proper objection to this statement been made below, such objection should have been sustained. Reference to a refusal to take a polygraph test is inadmissible. *See Commonwealth v. Saunders,* 386 Pa. 149, 125 A.2d 442 (1956). Furthermore, appellant had a constitutional right to resume his silence, after waiving the same to give an oral statement, and reference to his refusal to make a formal statement might well be construed as a reference to the exercise of that right. We now turn to the question of whether this unobjected to error warrants a new trial.

As a general rule, an appellate court will not reverse on a point as to which no exception was taken or on a ground not raised in the court below, but the general rule will not be applied where there is " 'basic and fundamental error which affects the merits or justice of the case, or, as some cases express it, offends

against the fundamentals of a fair and impartial trial . . . .' " *Commonwealth v. Jennings*, 442 Pa. 18, 25, 274 A.2d 767, 770 (1971), *quoting Commonwealth v. Williams*, 432 Pa. 557, 563-64, 248 A.2d 301, 304 (1968). Objection has been made to this rule on the basis that the test used is too vague and lends itself to inconsistent results. See the dissent of Justice ROBERTS in *Commonwealth v. Williams*, supra, and his concurring opinion joined in by Justice, now Chief Justice, JONES in *Commonwealth v. Jennings*, supra. However, the rule is still the law of Pennsylvania and we must apply it to the best of our ability.[2]

An examination of the cases discussing the fundamental error rule amply demonstrates the difficulty in applying the rule. In *Commonwealth v. Williams*, supra, a charge construed as permitting a jury to bring in a conviction even though the Commonwealth had not proved defendant guilty beyond a reasonable doubt was said to be fundamental error. In *Commonwealth v. Jennings*, supra, where defendant was convicted of murder, an erroneous charge that voluntary manslaughter cannot be found by the jury if there was a direct intent to kill was held not to be fundamental error. A charge which in effect said that a person must retreat when assaulted in his own house was held to be fundamental error in *Commonwealth v. Miller*, 448 Pa. 114, 290 A.2d 62 (1972).

The case most similar to the present case which we have been able to find is *Commonwealth v. O'Toole*, 159 Pa. Superior Ct. 592, 49 A.2d 267 (1946). The defendant did not take the stand and in his charge the judge said, "Now, O'Toole did not take the witness stand. You may make something out of that . . . [.]" *Id.* at 595, 49 A.2d at 268. The Court held that to be an element of basic and fundamental error under the

---

[2] *See Commonwealth v. Miller*, 448 Pa. 114, 290 A.2d 62 (1972).

circumstances of the case justifying a new trial even though no exception was taken. The judge's statement was in direct violation of §10 of the Act of May 23, 1887, P.L. 158, 19 P.S. §631, prohibiting adverse reference by court or counsel to the failure of a defendant to offer himself as a witness in his trial. The case lacks precedential value because of the absence of comment by court or counsel in the matter now under consideration.

We agree with the appellant that the prosecution may not at trial present testimony showing that defendant remained silent at the time of his arrest. *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972). Nor may the Commonwealth comment at trial on the defendant's election to remain silent at any stage of the interrogation. *Commonwealth v. Dulaney,* 449 Pa. 45, 295 A.2d 328 (1972). However, neither case compels us to find that fundamental error was committed in this case. In *Commonwealth v. Haideman,* supra, proper objection was made at trial and in *Commonwealth v. Dulaney,* supra, the district attorney commented extensively and adversely on the defendant's silence in his closing argument. In another recent case cited by appellant for the same general proposition, *Commonwealth v. Stafford,* 450 Pa. 252, 299 A.2d 590 (1973), the district attorney in closing commented adversely on the defendant's silence.

It is our conclusion that the offending testimony in this case lacks the elements necessary to make its presence fundamental and basic error. Neither the Commonwealth nor the court commented on this testimony or made further use of it, thus minimizing any adverse effect of the testimony. As was said by Justice Douglas, writing for the majority in *Griffin v. California,* 380 U.S. 609, 614 (1965): "What the jury may infer, given no help from the court, is one thing. What

it may infer when the court solemnizes the silence of the accused into evidence against him is quite another." The testimony was not offered in chief by the Commonwealth but only in rebuttal after the appellant had testified. Since it cast doubt on the statement given to the police at the time of arrest, rather than on appellant's testimony at trial, it might conceivably have been helpful to appellant. Such thought may have motivated counsel's failure to object.

This testimony did not affect the merits of the case, as would an incorrect charge on an important element of the crime, and in our opinion the possible, but unemphasized, prejudicial effect was not sufficient to prevent appellant from receiving a fair trial.

Judgment affirmed.

CERCONE, J., concurs in the result.