Commonwealth *v.* Howard, Appellant.

Submitted September 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*William A. Atlee, Jr., Richard P. Nuffort,* and *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellant.

*D. Richard Eckman,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 16, 1973:

This is an appeal from a judgment of sentence and from orders imposing probation in a case in which the appellant was found guilty by a jury of two burglaries

and related larcenies and two conspiracies to commit said burglaries.[1] A codefendant was found similarly guilty.

Issues presented involve the refusal of the lower court to allow reargument of post-trial motions and to allow the appellant to file additional post-trial motions *nunc pro tunc,* the refusal of the lower court to grant a motion for sequestration of witnesses, and the occurrence of testimonial and judicial references to appellant's silence upon arrest and notification of constitutional rights.

A short summary of the Commonwealth's and appellant's cases will be useful to a disposition of the appeal. Testimony of prosecution witnesses was to the effect that two houses in Lancaster County, within three-quarters of a mile of each other, were burglarized on July 19, 1971, between 12:30 and 2:00 p.m. Certain items of personalty were taken from each.

Two men, one relatively taller than the other and wearing a yellow shirt, the other wearing a light shirt, were placed in back of one of the houses shortly before discovery of the burglary, by two residents of the house and their son, who observed them from a distance. Between 3 and 4 hours later, police intercepted a truck in which the appellant and his codefendant were passengers a few miles from the crimes. The driver of the truck had previously observed the two passengers as pedestrians, noted that their dress matched that of the men described above, and notified police that he would

---

[1] Docket entries indicate that for one of the burglaries and larcenies, appellant was sentenced to pay a fine of $100, to pay costs of prosecution, and to undergo imprisonment in a state correctional institution for not less than 2½ nor more than 5 years; for the second, as well as for each conspiracy, he was placed on 5 years concurrent probation, with a requirement that he pay court costs and make restitution. As to the length of probation indicated with respect to the conspiracies, see the text infra.

give them a ride.[2]   Appellant was the shorter of the two and wore a white T-shirt.   Both men were arrested.

Under the seat of the truck were found three silver dollars.   A resident of the house burglarized around the same time as the house at which the men were sighted testified that among other items taken from his residence were three silver dollars; the two dates which he was able to recall of such coins matched those of two of the dollars taken from the truck.   A ring which was said to have dropped from the truck when its door was slammed and to have been later shown to the same resident for identification was stated by him to have been one taken from his house.

A state policeman testified as to similarities between a heel print on a kicked-in door of the house at which the men were sighted and the heel of the right shoe of appellant's companion and codefendant.   A resident of one of the houses stated that he thought that the ground had been dry before the burglary, but was not certain; a resident of the other house said that he was certain that it had been wet at the pertinent time.

Testimony presented by the defense, through a number of witnesses, was to the effect that the appellant had been in the city of York, York County, at the time of the burglaries.   Neither appellant nor the codefendant testified.[3]

Following jury verdicts in the case, the appellant's attorney made motions in arrest of judgment and for a new trial. The motions were subsequently denied. Prior to sentencing, a new attorney for appellant sought leave to file new post-trial motions *nunc pro tunc* and for re-

[2] The driver was a relative of the individuals mentioned in the text as having observed the two men in back of the burglarized house; he had been informed of the men's dress.

[3] No attempt has been made in this opinion to summarize the evidence with the degree of completeness or detail necessary for the disposition of issues other than those raised by the appellant.

26

argument, contending, according to appellant's brief on appeal, that a lack of diligence in the prior counsel's handling of the motions improperly penalized the appellant. The request was denied. On appeal, appellant requests this Court to consider two issues, neither of which his new counsel was permitted to press upon the lower court: whether the lower court erred in denying appellant's motion for sequestration of witnesses at the initiation of trial and whether a witness' statement that appellant had remained silent upon being arrested and notified of his constitutional rights,[4] and the judge's reference to this testimony in summarizing the evidence,[5] constitute grounds for reversal.[6]

Even should it be assumed that the two issues were not waived by appellant in the post-trial motion process, we are persuaded that he can not prevail on either one. "[T]he question of sequestration of witnesses is left largely to the discretion of the trial Judge and his decision thereon will be reversed only for a clear abuse of discretion." *Commonwealth v. Kravitz,* 400 Pa. 198, 218, 161 A.2d 861, 870 (1960), *cert. denied,* 365 U.S. 846 (1961). *See Commonwealth v. Turner,* 371 Pa. 417,

---

[4] On direct examination, a Commonwealth witness and police officer testified as to the constitutional rights he had read to the appellant and his codefendant upon arrest. He added: "And I asked them the following questions: Do you understand each of these rights as I have explained them to you? Having these rights in mind do you wish to talk to us?' 'No.' The answers were not 'no' but they did not wish to talk to us or make any statement."

The officer testified that the appellant and his codefendant indicated that they understood the rights as read to them.

[5] "They [appellant and his codefendant] were advised of their constitutional rights and neither of them wished to say anything, which is their privilege, their constitutional right."

[6] In view of our determination that the appellant's arguments on the two issues lack merit, it is unnecessary to determine the propriety of the lower court's refusal to permit post-trial motions *nunc pro tunc* and reargument. No harm has resulted to the appellant from the refusal.

88 A.2d 915 (1952); *Commonwealth v. Sloat*, 298 Pa. 10, 147 A. 834 (1929). Witness sequestration is normally impractical[7] or inadvisable, except in unusual circumstances. *Commonwealth v. Kravitz*, supra. The fact that evidence in a case is circumstantial does not in itself mandate sequestration,[8] nor do the identifications in the present case based upon clothing, or the conclusion of one witness that another was mistaken as to the dampness of the ground at the time of the burglaries, constitute sufficiently unusual circumstances to permit the finding of a clear abuse of discretion in the lower court's sequestration ruling.

With regard to the second issue raised, it may be true that a policeman's statement on direct examination that appellant had remained silent when arrested and advised of his rights, and the judge's recitation of that testimony in his charge, were objectionable.[9] But the record reveals that not only was no objection to the testimony made at the time of occurrence, but the appellant's attorney intentionally elicited the same testimony on cross-examination;[10] and the record contains no specific objection to the judge's reference as now complained of. "As a general rule, if the admission of evidence is to be reviewed, an objection to the introduction

---

[7] The lower court, in disposing of appellant's motion, stated that he had no "place to put [the witnesses]." The attorney for appellant's codefendant suggested that perhaps the hall could be utilized, but the judge concluded that there was insufficient room there.

[8] *See Commonwealth v. Kravitz*, 400 Pa. 198, 161 A.2d 861 (1960), *cert. denied*, 365 U.S. 846 (1961) (refusal to sequester witnesses in murder case in which evidence was circumstantial upheld).

[9] *See Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972) (testimonial reference to accused's silence and request for lawyer at time of arrest held violation of accused's Fifth Amendment right).

[10] "Q. Now, you testified here that you read Mr. Howard his rights and you advised him that any thing he was going to say you were going to use against him? A. Yes, sir. Q. And he didn't say anything? A. No, sir, he didn't."

thereof, with stated reasons, should be noted of record at trial." *Commonwealth v. Jefferson*, 423 Pa. 541, 546, 226 A.2d 765, 768 (1967). And under Pa. R. Crim. P. 1119(b), effective August 1, 1968,[11] "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." *See Commonwealth v. Fell*, 453 Pa. 531, 309 A.2d 417 (1973).

Although it has been held that the failure to object to admission of evidence and to specific errors in the court's charge will be overlooked in the case of fundamental error,[12] a jury's awareness through Commonwealth testimony of a defendant's silence at time of arrest and constitutional warnings is not, under the circumstances existing in the present case and without more, a defect so fundamental as to affect the merits or justice of the case or to offend against the fundamentals of a fair and impartial trial. *See Commonwealth v. Williams*, 224 Pa. Superior Ct. 298, 307 A.2d 289 (1973). Nor do we believe that the judge's recapitulation of this testimony, which the appellant had succeeded in repeating on cross-examination, was so unfair as to require invalidation of the trial.

It does not aid the appellant that a constitutional issue will not be deemed waived at trial if it is founded upon legal principles announced subsequent to trial[13] and if the failure to raise it did not result from trial

---

[11] The trial in the present case occurred in March of 1972.

[12] *Commonwealth v. Johnson*, 402 Pa. 479, 167 A.2d 511 (1961) (failure of counsel to object to admission of certain inadmissible Commonwealth psychiatric evidence held unimportant in view of basic nature of defect) ; *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972) (Pennsylvania said to employ rule that appellate review will be afforded claims of error in court's charge despite absence of objection at trial if error is basic and fundamental).

[13] *See Commonwealth v. Jefferson*, 423 Pa. 541, 226 A.2d 765 (1967), *interpreted in Commonwealth v. Simon*, 446 Pa. 215, 285 A.2d 861 (1971).

strategy.[14] Even if it is assumed that the legal principles upon which the issue under discussion is premised were announced subsequent to trial,[15] the fact that appellant's trial counsel intentionally elicited the testimony now being objected to indicates that he felt it was beneficial to his client. It appears to us that the failure of appellant to say anything which would aid the prosecution when arrested may have been considered exculpatory by his counsel in view of the concurrent absence of any items of evidence on his person and the circumstantial nature of the case against him.

Although the appellant is not therefore entitled to a reversal, an examination of the docket entries in the present case indicates that for each act of conspiracy appellant was placed on 5 years probation, the probations to be concurrent with a sentence imposed on one of the burglaries and larcenies. If the entries are correct, an error has occurred. Since the maximum period of imprisonment for each conspiracy, under the Act of June 24, 1939, P. L. 872, §302, 18 P.S. §4302, *repealed,* Act of December 6, 1972, P. L. 1482, No. 334, §5, was 2 years, the period of probation indicated for each conspiracy would be excessive by 3 years and should be accordingly reduced. *See* Act of August 6, 1941, P. L. 861, §25, 61 P.S. §331.25; Act of June 19, 1911, P. L. 1055, §1 *et seq., as amended,* 19 P.S. §1051 *et seq.; Commonwealth v. Duff,* 414 Pa. 471, 200 A.2d 773 (1964).

---

[14] *Commonwealth v. Jefferson,* 423 Pa. 541, 226 A.2d 765 (1967).

[15] *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972), summarized in note 9, supra, which is relied upon by the appellant, was decided subsequent to trial in this case; an earlier contrary decision in *Haideman,* followed by reargument, was handed down prior to the trial in the present case. 284 A.2d 757 (Pa. 1971). The principles upon which the final decision in *Haideman* was based arose in *Griffin v. California,* 380 U.S. 609 (1965), and *Miranda v. Arizona,* 384 U.S. 436 (1966).

The judgment of sentence at No. 1902 (burglary and larceny) and the order at No. 1907 of 1971 (burglary and larceny) are affirmed. To the extent that either or both of the orders at Nos. 1908 of 1971 (conspiracy) and 1911 of 1971 (conspiracy) provide for periods of probation in excess of 2 years, they are modified by the substitution of 2 years probation for the incorrect period(s), and as modified are affirmed.

HOFFMAN, CERCONE, and SPAETH, JJ., concur in the result.