Commonwealth *v.* Greco, Appellant.

Argued September 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Before STEFAN, J.

*Dennis H. Eisman,* with him *Gerald A. Stein,* and *Needleman, Needleman, Tabb & Eisman,* for appellant.

*Bernard A. Moore,* Assistant District Attorney, with him *Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 3, 1974:

In this appeal, appellant contends that improper reference was made at trial to his failure to make any statements to police after his arrest. We agree, and must, therefore, reverse. Although we will not discuss other allegations of trial and sentencing errors, which may not arise at appellant's new trial, we will discuss the order of the suppression judge denying appellant's motion to suppress certain evidence.

On February 3, 1972, after securing a search warrant, police conducted a search of a house, a garage,

and five abandoned vehicles located at 752 Orvilla Road, Hatfield Township, Montgomery County, Pennsylvania. They uncovered large quantities of narcotic and other dangerous drugs. Appellant, Paul Anthony Greco, who had given the police entry to the house, was then arrested and charged with violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, 35 P.S. §780-1 *et seq.* After a hearing, appellant's motion to suppress the evidence seized by police was denied. He was then tried and found guilty by a jury. Following a denial of his post-trial motions, appellant received the sentence from which he has appealed.

At trial, Trooper Wesoloski, the arresting officer, testified on direct examination for the Commonwealth that he had "placed Mr. Greco [appellant] under arrest and advised him of his Constitutional rights." The prosecuting attorney then asked: "Did Greco ever say anything to you?" The arresting officer replied: "We had several conversations. *I advised him to—that he had the right to remain silent, and he didn't actually make any statements other than general conversation.*" [Emphasis added.] At that moment, defense counsel objected and moved for a mistrial. The court below denied the motion and the testimony was permitted to stand. No instructions concerning the testimony were given to the jury.

Appellant now contends, as he did at trial, that it was prejudicial error to admit this testimony referring to his failure to make any statements to the police. On the other hand, the Commonwealth argues that such testimony was inadvertently elicited and did not refer to appellant's silence since appellant had several conversations with the police.

In *Commonwealth v. Haideman*, 449 Pa. 367, 373, 296 A.2d 765, 768 (1972), the Pennsylvania Supreme Court held that "reversible error was committed in admitting, at trial, evidence of appellant's request for

counsel and his silence at time of arrest. To permit such evidence would certainly impair and burden appellant's constitutional privilege and impose the very penalty which Miranda [*Miranda v. Arizona*, 384 U.S. 436 (1966)] specifically forbids." The Commonwealth argues that *Haideman* is distinguishable because in the present case appellant was not silent at the time of his arrest, but had conversations with the police although he did not make any statements to them.[1] While it is true that the facts in *Haideman* and those in the present case differ, we find that in both cases the defendant exercised his right not to incriminate himself. The right to remain silent means that an accused may not be "compelled in any criminal case to be a witness against himself. . . ."[2] or "to give evidence against himself. . . ."[3] Thus, a defendant may engage with police in conversation not related to the crime as he did here and still be exercising his Fifth Amendment right not to incriminate himself.

---

[1] It may be argued that *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972), is also distinguishable because, there, the testimonial reference was not only to defendant's silence at the time of arrest but also to his request for counsel. We do not, however, find this difference to be significant. In *Miranda v. Arizona*, 384 U.S. 436, 468, n.37 (1966), the United States Supreme Court prohibited the prosecution from using at trial "the fact that he [defendant] stood mute or claimed his privilege in the face of accusation." Although in the present case, no reference was made at trial as to whether appellant requested counsel, we find that the reference to appellant's failure to make any statements to police after being warned of his right to remain silent penalized him for exercising his Fifth Amendment right. *United States v. Matos*, 444 F. 2d 1071 (7th Cir. 1971) (holding that testimony that defendant desired not to make a statement after apprehension by authorities was constitutional error) ; cf. *Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590, *cert. denied*, 412 U.S. 943, 37 L. Ed. 2d 404 (1973) (holding that comment on defendant's silence at the time of arrest by prosecutor during summation to jury was prejudicial error).

[2] U. S. Const. amend. V.

[3] Pa. Const. art. 1, §9.

We conclude that the fact that appellant had conversed with police after his arrest on matters not pertaining to the crime is not a waiver of his Fifth Amendment right and does not permit the introduction of testimony by the Commonwealth that the appellant did not make any statements to the police after being advised of his right to remain silent.[4]

The Commonwealth also argues that the introduction of such testimony was inadvertent and unintentional on the part of the prosecution. However, the arresting officer who gave this testimony was a Commonwealth witness and his testimony was responsive to the question asked of him by the prosecuting attorney. In *United States v. Kroslack*, 426 F. 2d 1129 (7th Cir. 1970), and *United States v. Matos*, 444 F. 2d 1071 (7th Cir. 1971), both cited with approval in *Commonwealth v. Haideman*, supra, similar arguments were found to be without merit. In *Kroslack* it was argued that the prejudicial testimony was inadvertently elicited, and in *Matos* it appeared that the prejudicial testimony was not responsive to the prosecuting attorney's question. Despite those arguments, a new trial was granted in both cases. The fact that the reference may have been inadvertent or unintended does not lessen the prejudice caused by the introduction of the testimony.

---

[4] Even if this conversation was of an incriminating nature as contended by the Commonwealth, our result would be the same. In *Miranda v. Arizona*, 384 U.S. 436, 445 (1966), the United States Supreme Court not only stated that an accused had a right to remain silent in the face of accusation, but it also said that "[t]he mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned." Any reference by the prosecution at trial to a defendant's resumption of silence would also be prejudicial. *See Commonwealth v. Dulaney*, 449 Pa. 45, 295 A.2d 328 (1972); *Commonwealth v. Williams*, 224 Pa. Superior Ct. 298, 307 A.2d 289 (1973).

In the present case, we hold that the admission of testimony that the appellant did not make any statements after being advised by police of his right to remain silent was prejudicial error[5] which requires us to grant to appellant a new trial.

In a pretrial suppression hearing, appellant challenged the validity of the search warrant used by police to justify their search of the premises and their seizure of certain evidence. The affidavit for the search warrant stated that the affiant had "received information from a reliable informant, who has supplied the Penna. State Police with information in the past that has resulted in four (4) narcotic arrests, with two (2) convictions and two (2) pending court action . . .". It also appeared in the affidavit that: the informant was present at appellant's residence in Hatfield Township in mid-January, 1972, where he observed a large quantity of marijuana; on February 1, 1972, the informant was again there and purchased marijuana from appellant; on the same date, the informant observed appellant sell marijuana to two other individuals; prior to these transactions, the informant saw appellant leave his residence for 2 or 3 minutes and return with marijuana; from this, the informant "believed" that appellant either went into the garage or one of the abandoned vehicles that were parked on the premises. The affidavit further described several vehicles parked on the premises, some of which appeared to be inoperable, and also listed appellant's four prior arrests. On this basis, the magistrate issued a search warrant for the house, the garage located at the rear, and the abandoned vehicles parked on the premises.

---

[5] It has been said: "We would be naive if we failed to recognize that most laymen view an assertion of the Fifth Amendment privilege as a badge of guilt." *Walker v. United States*, 404 F. 2d 900, 903 (5th Cir. 1968).

Although appellant does not attack the credibility of the informant, he does contend that the informant's unsupported belief that appellant either went into the garage or one of the abandoned vehicles does not present probable cause for the search of those areas. Probable cause for the issuance of a search warrant exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a search should be conducted. *Commonwealth v. Thomas*, 448 Pa. 42, 292 A.2d 352 (1972). Under the facts and circumstances of the present case, where the appellant left the house for 2-3 minutes and returned with marijuana, it was reasonable to infer that he went to either the garage or one of the abandoned vehicles on the premises to get the drugs. It was, therefore, proper for the magistrate to issue the search warrant for these areas and the evidence procured was properly admitted at appellant's trial.

However, because of the Commonwealth's reference to appellant's silence, the judgment of sentence is reversed and a new trial is granted.