Commonwealth, Appellant, *v.* Brown et al.

Argued March 19, 1974. Before WATKINS, P. J., JA-COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Martin J. King,* Assistant District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellant.

*Michael A. Klimpl,* Assistant Public Defender, with him *Edward A. Stutman,* of Counsel, and *James M. McNamara,* Public Defender, for appellee.

OPINION BY JACOBS, J., June 21, 1974:

This is an appeal by the Commonwealth from the court en banc's grant of a new trial to both defendants because a Commonwealth witness at trial referred to their refusal to make a further statement without having an attorney present. For authority, the court relied entirely on our Supreme Court's decision in *Commonwealth v. Haideman,* 449 Pa. 367, 296 A.2d 765 (1972). Since no challenge has been made to the Commonwealth's right to appeal, and a pure question of law is presented, the interpretation of *Haideman,* we will consider the merits of the appeal. *See Commonwealth v. Jefferson,* 423 Pa. 541, 226 A.2d 765 (1967); *Commonwealth v. Hall,* 217 Pa. Superior Ct. 218, 269 A.2d 352 (1970).

At trial, Detective Charles Glogouski was called as a witness by the Commonwealth. He testified as to the arrest of the defendants in connection with an attempted holdup of a bar; his receipt of a shotgun and a pistol that had been taken from the defendants; and a statement made by defendant Davis admitting ownership of the weapons. On cross-examination, defense counsel questioned the detective as to the warnings given the defendants and other matters, and then asked: "Now, did you ask these defendants what happened in the

bar?" To this the witness replied: "As I recall, after the initial statement by Mr. Davis that the weapons were his, *both declined to make a further statement without having an attorney present,* and I at that time finished my interrogation of both of them. I asked them no further questions." [Emphasis added.] Defense counsel immediately asked the court for a mistrial which was denied. However, after both defendants were found guilty by the jury, the court en banc granted a new trial on the basis of *Commonwealth v. Haideman,* supra.

On this appeal, the Commonwealth argues that *Commonwealth v. Haideman,* supra, is distinguishable from the situation in the present case. We agree and reverse the order of the court en banc.

In *Haideman,* the Commonwealth in its case in chief asked its witness, a police officer: *"When the constitutional rights were read to the defendant, did the defendant say anything?"* The officer replied: *"He didn't say nothing; he calmed down and shut up."* *Id.* at 370, 296 A.2d at 766. After defense counsel's objection to such testimony was overruled, the Commonwealth called another witness who testified that "[defendant] was advised of his constitutional rights, which he stated he understood, *and also requested to remain mute pending counsel."* *Id.* Our Supreme Court went on to rule that "the prosecution may not—as was done here—introduce at trial the fact that the accused 'stood mute or claimed his privilege.'" *Id.* at 372, 296 A.2d at 768. Our Court has followed this ruling and in *Commonwealth v. Greco,* 227 Pa. Superior Ct. 19, 323 A. 2d 132 (1974), we granted a new trial because the Commonwealth had introduced at trial testimony that the accused did not make any statements after being advised of his right to remain silent.

In the present case, the Commonwealth had completed its direct examination of Detective Glogouski

without objection. However, on cross-examination, defense counsel began questioning the witness as to the circumstances surrounding the statement made by defendant Davis. Defense counsel then asked: "Now, did you ask these defendants what happened in the bar [where the attempted robbery had taken place]?" The detective could have answered "no", but to merely answer "no" would have created the unfavorable impression that he failed to ask the defendants the most important of all questions. The detective was placed in an unfortunate position and, therefore, added the explanation as to why such a question was not asked—because the defendants had invoked their right to remain silent. Since defense counsel's question invited this explanation, he cannot complain of it now.

In *Commonwealth v. Dalton,* 199 Pa. Superior Ct. 388, 185 A.2d 653, *allocatur refused,* 200 Pa. Superior Ct. xxxi (1962), a similar situation occurred. There, the following questions were asked by defense counsel during his cross-examination of a police officer: "Q. And you stated the defendants lived in Providence, Rhode Island? A. So they told me. Q. Did you check it out? A. Yes sir, and got a police report back from Providence." *Id.* at 393, 185 A.2d at 656. The appellant in *Dalton* argued that the officer's answer was unresponsive to the question, and indicated to the jury that he had a criminal record. Our Court found the answer to have been invited and stated: "Where a question is put to a witness which cannot be answered as put, without including in the answer a statement of fact as explanation, complaint cannot be made that the witness added the necessary explanation." *Id.* at 393-94, 185 A.2d at 656.

The response by the witness in this case to such a question by defense counsel on cross-examination is not a violation of the rule of *Haideman* against prosecutori-

al introduction at trial of defendant's silence. The court en banc erred in granting defendants a new trial.

Order reversed.

SPAETH, J., concurs in the result.