350 A.2d 826

COMMONWEALTH of Pennsylvania,
Appellant at No. 620,

v.

Paul Anthony GRECO, Appellant at No. 621.

Supreme Court of Pennsylvania.

Argued Dec. 6, 1974.

Decided Jan. 29, 1976.

Milton O. Moss, Dist. Atty., Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., Bernard A. Moore, J. David Bean, Asst. Dist. Attys., Norristown, for appellant at No. 620 and appellee at No. 621.

Dennis H. Eisman, Gerald A. Stein, Needleman, Needleman, Tabb & Eisman, Philadelphia, for appellant at No. 621 and appellee at No. 620.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

OPINION

MANDERINO, Justice.

Appellant, Paul Anthony Greco, was tried and convicted by a jury of violation of the Drug Device and Cosmetic Act of Sept. 26, 1961, P.L. 1664, § 1 et seq., 35 P.S. § 780–1 et seq. He appealed, and the Superior Court reversed and ordered a new trial because of testimony by a prosecution witness which referred to appellant's exercise of his constitutional right to remain silent. *Commonwealth v. Greco,* 227 Pa.Super. 19, 323 A.2d 132 (1974). The Superior Court also considered appellant's assertion that a search warrant used by police was defective and ruled against appellant. It did not consider several other alleged errors raised by appellant. We granted petitions for allowance of appeal filed by both the prosecution and the defense.

We first consider the prosecution's appeal contesting the Superior Court's grant of a new trial. At trial, Stanley Wesoloski, a state policeman, testified for the prosecution. He said that he had arrested appellant and informed him of his constitutional rights. In response to the prosecutor's question "Did Greco ever say anything to you?", Wesoloski testified: "We had several conversations. I advised him to—that he had the right to remain silent, and he didn't actually make any statements other than general conversation." Appellant's motion for a mistrial was denied by the trial judge. The Superior Court held that Wesoloski's testimony was prejudicial and entitled appellant to a new trial. We agree.

The law is clear. It is reversible error to admit evidence of a defendant's silence at the time of his arrest. *Commonwealth v. Stafford,* 450 Pa. 252, 299 A. 2d 590 (1973); *Commonwealth v. Haideman,* 449 Pa.

367, 296 A.2d 765 (1972). The prohibition of any reference to an accused's silence reflects the court's desire that an accused not be penalized for exercising his constitutional rights. *Commonwealth v. Stafford,* supra; *Commonwealth v. Haideman,* supra; *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is a recognition that most lay persons would view an assertion of the constitutional privilege as an admission of guilt. *Commonwealth v. Haideman,* 499 Pa. at 371, 296 A.2d at 767, citing *Walker v. United States,* 404 F.2d 900, 903 (5th Cir. 1968).

The prosecution argues that it expected an answer different from that given by the witness, and thus did not intend to raise such an inference of guilt in the minds of the jury. The prejudice which resulted, however, did not occur because of inferences which the jury might have drawn from what the prosecutor did or did not intend. The prejudice resulted because of the inferences which might have been drawn from the appellant's reaction when told of the constitutional right to remain silent. Lay persons might conclude that the natural reaction of an innocent person would be a denial of any involvement in the crime charged. *See Commonwealth v. Schmidt,* 452 Pa. 185, 299 A.2d 254 (1973); *Commonwealth v. Dravecz,* 424 Pa. 582, 227 A.2d 904 (1967). The failure to deny might thus be considered an unnatural reaction unless the accused was in fact guilty. The witness's testimony that the appellant "didn't actually make any statements other than general conversation" necessarily carries the implication that the appellant remained silent and failed to deny his involvement. Such testimony implies an admission of guilt. An admission of guilt constitutes highly prejudicial evidence and cannot be considered harmless error. The order of the Superior Court granting a new trial is therefore affirmed.

Appellant Greco raised several other issues before the Superior Court. One of those issues concerned the suffi-

ciency of the affidavit upon which a search warrant was issued. The appellant contends that the Superior Court erroneously held that the affidavit was sufficient.

The affidavit to establish probable cause is long and detailed. It stated that an informant had previously given reliable information resulting in two convictions and in two arrests that were still pending. It also stated that the informant had in the past purchased narcotics from Greco at his residence, and had purchased narcotics from him the day before the warrant was issued. At that time the informant witnessed Greco sell marijuana to two other persons. The affidavit then states:

"Prior to these sales the informant observed Greco leave his residence and *believes* subject, Greco either went into the garage or one of the abandoned vehicles that were parked on subject, Greco's premises. He was only gone for a period of two (2) to three (3) minutes. On his return into his residence he was in possession of marijuana." (Emphasis added.)

An affidavit does not have to reflect the personal observations of the affiant. It may be based on hearsay information. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), *Commonwealth v. Conner,* 452 Pa. 333, 305 A.2d 341 (1973). However, when, as in the present case, the affidavit is based on hearsay information, the magistrate must be presented with (1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was and, (2) reasons why the affiant believed the informant was reliable. *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723, 729 (1964); *Commonwealth v. Conner, supra,* 452 Pa. at 337, 305 A.2d at 343.

Appellant contends that the affidavit is insufficient to establish probable cause because it is based only on an informant's *unsupported* belief that Greco re-

trieved marijuana from either the garage or one of the abandoned vehicles on Greco's premises. Appellant, in effect, is arguing that the affidavit fails to meet the first of the two-pronged test announced in *Aguilar v. Texas, supra.* We cannot agree. The informant had purchased narcotics from Greco on more than one occasion. In the present instance he also witnessed the sale of marijuana to two other persons. He saw Greco leave the house and return *within two or three minutes* with marijuana. From these circumstances he concluded that the drugs were stored either in one of the abandoned vehicles on the property or in the garage. One need only exercise common sense to see that this is more than the unsupported belief of the informant. Greco left the premises and returned within two or three minutes with a supply of marijuana. Common sense dictates that the marijuana was close by, and the facts show that the automobiles and the garage were close enough to be reached in such a time span. The fact that the affidavit used the word *belief* does not mean that it was an unsupported belief. A policeman's affidavit "should not be judged as an entry in an essay contest," *Spinelli v. United States,* 393 U.S. 410, 438, 89 S.Ct. 584, 600, 21 L.Ed.2d 637, 657 (1969) (Fortas, J., dissenting), but, rather, by the common sense of the magistrate. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684, 688 (1965).

■ The appellant also contends that the search warrant was defective because the affidavit described eleven vehicles that were on the premises but the search warrant authorized the search of only five inoperable vehicles located on the premises. This fact, however, does not invalidate the warrant. All eleven vehicles were located on the premises and the appellant might have obtained contraband from any of them during the two or three minutes that he was gone. The search warrant could properly have issued for all eleven vehicles. The warrant was limited to five inoperable vehicles because the police

felt that the inoperable vehicles would most likely be used as a hiding place. If the warrant could have properly authorized a search of all eleven vehicles, it was also proper for the five inoperable vehicles. The Superior Court correctly held that the search warrant was not defective.

The order of the Superior Court granting a new trial is affirmed.

POMEROY, J., did not participate in the consideration or decision of this case.

JONES, C. J., and NIX, J., dissent.