387 A.2d 656

COMMONWEALTH of Pennsylvania

v.

**Richard SINGLETARY, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued April 14, 1978.

Decided June 2, 1978.

E. Yvonne Grear, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Jane C. Greenspan, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

These appeals are from the judgments of sentence imposed on Richard Singletary following his conviction by a jury in Philadelphia of murder of the third degree and a related criminal offense. We reverse and award a new trial.

The following inquiries were directed to Singletary by the district attorney during cross-examination at trial:

"Q. Your attorney arranged to have you surrender to the police; is that correct?

"A. That's correct.

"Q. All right. Now, at some point either you called him or he called you and said, 'This is when we're going to turn you in;' is that correct?

"A. That's correct.

    *      *      *      *      *      *

"Q. And then you came to Philadelphia and met your attorney; is that correct?

"A. That's correct.

"Q. And you went down to the Police Administration Building?

"A. That's correct.

"Q. And on advice of counsel, you made no statement concerning the case."

An objection to the questions was sustained. A motion for a mistrial was denied and, in lieu thereof, cautionary instructions were given by the trial judge.

■ It is a violation of the accused's constitutional privilege against self-incrimination to make reference to his silence while in police custody. *United States v. Hale*, 422

U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Commonwealth v. Greco*, 465 Pa. 400, 350 A.2d 826 (1976); *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972); *Commonwealth v. Dulaney*, 449 Pa. 45, 295 A.2d 328 (1972). To approve the inquiry made by the district attorney instantly would penalize Singletary for exercising his Fifth Amendment privilege while in police custody, a privilege he was exercising on the advice of counsel.

■ The Commonwealth argues that if error occurred, it was "effectively cured" by the cautionary instructions.[1] We disagree.

As we pointed out in *Commonwealth v. Greco*, supra, 465 Pa. at 404, 350 A.2d at 828, where one is accused of a criminal offense and remains silent, a lay person could and probably would consider this silence to be an unnatural reaction unless the accused was in fact guilty. We are not persuaded that the cautionary instructions eradicated this prejudicial inference. Cf. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). *Commonwealth v. Maloney*, 469 Pa. 342, 365 A.2d 1237 (1976) cited by the Commonwealth is not controlling.[2] In *Maloney* the defendant's silence at the time of arrest was introduced initially without objection. Additionally, the court's instructions were there more adequate and decisive.

Judgments reversed and new trial ordered.

Mr. Justice MANDERINO did not participate in the consideration or decision of this case.

Mr. Justice POMEROY dissents.

1. After the motion for a mistrial was denied, the trial judge instructed the jury as follows:

"I will deny your motion and sustain the objection, and I'll ask the jury to disregard that question. The defendant has no duty at all to make any statements, and whatever he did on advice of counsel, he did on advice of counsel period. So, you draw no inference or implication fro.n that whatsoever. Disregard from your mind it was asked."

2. The opinion announcing the judgment in *Commonwealth v. Maloney*, supra, did not command the vote of a majority of the court.