390 A.2d 840

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**William FOREMAN.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

Thomas J. Glenn, Jr., Assistant District Attorney and Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellant.

Michael J. Cefalo and Joseph F. Castellino, Pittston, for appellee.

318

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

## OPINION

PER CURIAM:

The six Judges who decided this case being equally divided, the order is affirmed.

JACOBS, P. J., files an opinion in support of affirmance in which HOFFMAN and SPAETH, JJ., join.

CERCONE, J., dissents based on *Commonwealth v. Greco*, 465 Pa. 400, 350 A.2d 826 (1976); *Commonwealth v. Frye*, 242 Pa.Super. 144, 363 A.2d 1201 (1976).

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

JACOBS, President Judge, in support of affirmance:

This is an appeal by the Commonwealth from the order of the court en banc granting appellee William Foreman's motion for a new trial. The sole question presented is whether a warrant authorizing the search of appellee's residence was issued upon a sufficient showing of probable cause. I conclude that it was not and, therefore, would affirm.

Appellee was arrested on September 11, 1975, as the result of a search of his residence made pursuant to a search warrant. A motion to suppress the evidence seized from his residence was denied, and appellee was convicted by a judge sitting without a jury of possession and possession with intent to deliver a controlled substance. However, on January 25, 1977, the court en banc granted appellee's motion for a new trial, concluding that the search warrant had been issued without a sufficient showing of probable cause. It is from that order of the lower court that the Commonwealth has appealed.

The affidavit of probable cause in the application for the warrant stated, in pertinent part, as follows:

"On July 14, 1975 the above affiant received certain information from a confidential informant which is the basis of the probable cause for the issuance of this search warrant. . . . I verily believe that the informant is very reliable and the information received is true and correct, because information received in the past from this same informant has led to the arrest and subsequent convictions of certain individuals on 12/12/73, 6/5/74, 6/11/74, 1/15/75 and 5/16/75. On July 13, 1975 afternoon hrs. at the corner of Dana and Hazle Streets, Wilkes-Barre, Pa.; the informant was in the company of five other males when the conversation got into drugs and where they could get some. At this time Bill Foreman pulled from his pocket a large bundle of plastic packets which the informant believed to be Heroin. When one of the men asked Foreman what he wanted for a packet Foreman said he wasn't selling skag just yet, but he would continue to hold it and maybe change his mind. The informant later followed Foreman to his apt. at 104 Lafayette St., WilkesBarre, Pa., and when the informant saw Foreman again that evening Foreman did not have the bundle of suspected skag with him. The above affiant from information received from the informant believes that because of the large amount seen by the informant, that when Foreman is not carrying it with him he is using his apartment for storage."

■ An affidavit of probable cause may be based on hearsay information and need not reflect the direct personal observations of the affiant. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Commonwealth v. Greco,* 465 Pa. 400, 350 A.2d 826 (1976). However, it still must contain "sufficient information to justify the conclusion that a crime has been committed and that evidence or fruits of the crime may be found at the place to be searched." *Commonwealth v. Heyward,* 248 Pa.Super. 465, 375 A.2d 191, 192 (1977). In *Aguilar,* the United States

Supreme Court laid down the "two-pronged" test for issuing a search warrant when probable cause is based upon information supplied the affiant by an informant. This test requires that the affidavit set forth sufficient underlying circumstances to conclude that the objects to be seized will be where the informant claims, and some of the circumstances justifying the affiant's belief in the reliability of the informant.

In the instant case, there has been no contention that the second requirement of the *Aguilar* test was not satisfied. Sufficient circumstances clearly were set forth in the affidavit from which to conclude that the informant was reliable. *See Commonwealth v. Scavincky,* 240 Pa.Super. 550, 359 A.2d 449 (1976). Rather, appellee contended, and the court en banc agreed, that the affidavit did not contain sufficient facts to believe that the drugs would be found in appellee's residence.

As this Court stated in *Commonwealth v. Forster,* 253 Pa.Super. 433, 385 A.2d 416, "the law does not require that the information in a warrant affidavit establish with absolute certainty that the object of the search will be found at the stated location, nor does it demand that the affidavit information preclude all possibility that the sought after article is not secreted in another location." 253 Pa.Super. at 437–438, 385 A.2d at 418. It must be emphasized, however, that probable cause to believe that a man has committed a crime does not necessarily give rise to probable cause to search his home. *Commonwealth v. Kline,* 234 Pa.Super. 12, 335 A.2d 361 (1975).

In its analysis, the Commonwealth finds that our Supreme Court's decision in *Greco* is here controlling. I disagree. President Judge BROMINSKI, writing for the court en banc, stated the matter well:

"The *Greco* case can be readily distinguished from the instant matter, because in that case the informant observed the Defendant leaving his residence, entering either a garage or an abandoned automobile located on the

same premises, and then, after being gone for only two or three minutes, returning with some marijuana. The search warrant was not deemed to be defective under such circumstances because common sense dictated that the marijuana was nearby and the facts showed that either the vehicle or the garage were close enough to be reached in such a short time span. Clearly, this factual situation is quite different from the case before us." Memorandum Opinion at 4.

The facts of the instant case are very similar to those in *Commonwealth v. Frye*, 242 Pa.Super. 144, 363 A.2d 1201 (1976). There, the affidavit was devoid of any statement by the informant that the contraband was located at the defendant's residence or that the defendant had told a potential buyer that it was stored there. Rather, the police and the issuing authority drew that conclusion on their own. Nevertheless, we held that the probable cause section of the affidavit set forth sufficient circumstances from which to conclude that Frye was storing marijuana in his house. We found the all-important nexus between the premises to be searched and the evidence to be seized in Frye's statement that the buyer could call him at home; we viewed that statement as an admission that he was conducting at least a part of his unlawful operation from his home. Absent that additional factor, however, we would have been forced to conclude in *Frye* that the information provided by the informant at best tended to establish that the defendant was a drug dealer. *See Commonwealth v. Kline,* supra. Returning to the facts of the instant case, I find precisely that situation. The affidavit questioned here, while justifying the conclusion that a crime had been committed, failed to give rise to probable cause to believe that drugs would be found in the premises described.

I would affirm.

HOFFMAN and SPAETH, JJ., join in this opinion.