407 A.2d 436

**COMMONWEALTH of Pennsylvania**

v.

**Roger ZELLNER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided July 13, 1979.

Anthony M. Muir, Assistant Public Defender, Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

This appeal arises from denial in the court below of appellant's motions for a new trial and in arrest of judgment following conviction by a jury of indecent assault[1] and corruption of a minor.[2] Appellant raises three contentions on appeal: (1) that he is entitled to a new trial because a Commonwealth witness made reference to his election to remain silent at the time of his arrest; (2) that the court erred in refusing to charge the jury that it must acquit appellant if it found he could have reasonably believed the victim to be over eighteen years of age; and (3) that the Commonwealth's proof failed in that it was not shown that the youth's morals were or could have been corrupted. For the reasons set forth herein, we affirm the judgment of sentence.

Evidence adduced at trial established that the victim, a minor, was standing near a display counter in the Whitehall Mall, Whitehall, Lehigh County, when appellant crawled up to her on his stomach. He placed his head up under the victim's skirt and touched her private areas with his hands.

■ During direct examination of Vincent C. Geiger of the Whitehall Police Department, the assistant district attorney asked, "Did you have any conversation with the Defendant? Did you talk to the Defendant?" Officer Geiger responded, "Let's say I tried to talk to him after I advised him of his rights, but he didn't want to give any statement

1. 18 Pa.C.S. § 3126.

2. 18 Pa.C.S. § 3125.

or admission." (Volume II at 16–17).[3] Counsel objected and requested a mistrial, which was denied. The court was not requested to do so, and it gave no sua sponte instructions at that time. In his charge, however, the trial judge stated:

> "During the course of the trial, Detective Geiger testified. You will recall he is the Prosecutor. He testified that, after giving the Defendant his constitutional rights, sometimes referred to as reading his *Miranda* rights, that the Defendant had the right to remain silent, you will recall Detective Geiger testified, 'The Defendant refused to talk.' I instruct you to disregard this statement, since no implication of guilt can be inferred from such a statement. In reviewing the testimony with respect to this, you should remember that the Defendant carries with him then and now a presumption of innocence. This presumption only leaves when you, the jury, find that the Commonwealth has proven, beyond a reasonable doubt, that the Defendant is guilty." (Volume I at 7).

Appellant maintains that he was entitled to a new trial and that sua sponte instructions could not possibly remedy such an error.

In *Commonwealth v. Greco*, 465 Pa. 400, 350 A.2d 826 (1976) our supreme court declared:

> "The law is clear. It is reversible error to admit evidence of a defendant's silence at the time of his arrest. *Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590 (1973); *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972). The prohibition of any reference to an accused's silence reflects the court's desire that an accused not be penalized for exercising his constitutional rights. *Commonwealth v. Stafford*, supra; *Commonwealth v. Haideman*, supra; *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is a recognition that

**3.** No comprehensive notes of testimony were filed, but rather both parties requested that partial notes be transcribed. For purposes of this opinion, the notes transcribed pursuant to defense counsel's request will be considered "Volume I," and those transcribed subsequently per the district attorney's request will be designated "Volume II." Page references are distinguishable accordingly.

most lay persons would view an assertion of the constitutional privilege as an admission of guilt. *Commonwealth v. Haideman*, 499 Pa. at 371, 296 A.2d at 767, citing *Walker v. United States*, 404 F.2d 900, 903 (5th Cir. 1968)." *Id.*, 465 Pa. at 403–04, 350 A.2d at 828.

The prejudice that may result from reference to an accused's election to remain silent upon arrest has been the subject of numerous recent appeals. *E. g., Commonwealth v. Easley*, 483 Pa. 337, 396 A.2d 1198 (1979); *Commonwealth v. White*, 482 Pa. 197, 393 A.2d 447 (1978); *Commonwealth v. Singletary*, 478 Pa. 610, 387 A.2d 656 (1978); *Commonwealth v. Quartman*, 253 Pa.Super. 460, 385 A.2d 429 (1978); *Commonwealth v. Williams*, 252 Pa.Super. 435, 381 A.2d 1285 (1977); *Commonwealth v. Mitchell*, 246 Pa.Super. 132, 369 A.2d 846 (1977). In each case, the caution voiced in *Commonwealth v. Greco, supra*, has been reaffirmed. However, neither the supreme court nor this court has failed to recognize that, in certain circumstances, curative measures can eradicate the possible prejudice.

In *Commonwealth v. Maloney*, 469 Pa. 342, 365 A.2d 1237 (1976), Justice Eagen, after reviewing conflicting Pennsylvania authorities, wrote for a plurality of the court:

"In order that there will be no confusion henceforth, we now specifically rule that in Pennsylvania adequate instructions under some circumstances may cure error of the nature here complained of. Initially, whether the harm can be removed by curative instructions will be within the sound discretion of the trial judge and his determination will be subject to appellate review. In making this decision, the following will be important considerations but not necessarily exclusive: (1) the nature of the reference, particularly, whether it was a specific comment on the accused's silence at trial or at the time of arrest or whether it was, as in *Commonwealth v. Ross* [403 Pa. 358, 169 A.2d 780 (1961)], merely a reference to the fact that incriminating evidence of the Commonwealth was undenied or uncontradicted; and (2) whether the accused's silence was exploited by the district attorney." *Id.*, 469 Pa. at 349, 365 A.2d at 1241.

This court rendered its decision in *Commonwealth v. Williams, supra,* after *Maloney.* Although three judges, including this writer, disagreed that the testimonial reference in fact alerted the jury to the defendant's exercise of his constitutional right to remain silent, the majority found the inference clear. The court held that the trial court had erred in denying a mistrial and in determining that cautionary instructions should not be given as they would be futile. Judge Hoffman, writing for the majority, reaffirmed the value of remedial measures.

"Reading *Greco, Maloney, Hinds,* and *Mitchell* together, we believe that our appellate courts have found *any reference* to an accused's silence after arrest to be reversible error *unless the trial court gives a prompt and adequate cautionary instruction.*" 252 Pa.Super. at 446, 381 A.2d at 1291 (emphasis added).

Again, in *Commonwealth v. Quartman, supra,* we relied upon *Maloney.* In *Quartman,* no curative instructions were requested, although a motion for mistrial was made and denied. Counsel indicated that highlighting the objectionable testimony by giving special instructions thereon might reinforce the statements and their potential prejudicial impact in the jurors' minds. We declared:

"Had counsel desired curative instructions in the instant case, he could have requested them. *It is clear that counsel should likewise be permitted to request that the court not give curative instructions sua sponte. In hindsight, counsel's decision to forego curative instructions may prove to have been a tactical error; it is likewise irremediable.* In every case, it is a tactical decision to be made by defense counsel, and the rendering of an unfavorable verdict should not entitle a defendant, who did not elect to protect himself to the maximum in his first trial, to an automatic retrial." 253 Pa.Super. at 464, 385 A.2d at 431–32 (emphasis added).

In *Commonwealth v. Singletary, supra,* a mistrial had been denied, but cautionary instructions given. There, the supreme court held that *Maloney* did not rule the outcome of

the case. The court noted by footnote that *Maloney* received only a plurality vote, but went on to distinguish the two cases factually. The court recalled that in *Maloney*, the initial testimony on appellant's silence, subsequently repeated, was not objected to. Further, the court's cautionary instruction in *Maloney* was far more comprehensive. The supreme court granted Singletary a new trial.

In still a later case, *Commonwealth v. Easley, supra,* the high court granted a new trial. There the district attorney obviously exploited the objectionable testimony, arguing it in his jury summation. Thus, the case differs dramatically from that presently under consideration.

We adhere to the *Maloney* doctrine and those cases that have subsequently relied upon it. We do not read the cases decided after *Maloney* to have negated the plurality's position. Nor do we comprehend any rationale behind the argument that cautionary instructions, in the right circumstances, cannot cure the type of harm of which appellant complains.

The only question remaining is whether the instructions in this case were adequate, or rather, as appellant suggests, worked to prejudice him further. Although appellant's counsel did not request said instructions, we find that it was a wise and prudent decision on the part of the lower court judge to sua sponte instruct the jury. If counsel felt so strongly that instructions would harm appellant, that decision should have been conveyed to the court. Appellant does not contend that the judge knew but ignored the position that he now embraces. As we noted in *Quartman,* counsel should certainly be free to request that the court not sua sponte instruct the jury. Here, however, counsel stood idly by, and only after the fact raised his complaint. We have held, however, that such testimony may be curable.

Looking at the content of the instruction in light of the fact that the reference was in no way exploited by the prosecutor, we find it adequate to have checked any possible prejudice of the officer's testimony.

■ Appellant next maintains that the court should have instructed the jury to acquit him if it found that he had a reasonable belief that the victim was eighteen years of age or over. 18 Pa.C.S. § 3125(a). The statute provides that, "In trials and hearings upon charges of violating the provisions of this section, knowledge of the minor's age . . . shall be presumed in the absence of proof to the contrary." 18 Pa.C.S. § 3125(c). Appellant's complete argument is that "when the victim, Debra Csandi took the stand, . . . there was evidence from which the jury could conclude that the Defendant believed that the victim was over the age of 18." (Appellant's brief at 14). The statute, however, places the burden of proof upon the defendant to overcome the presumption of the knowledge of the victim's minority. Appellant made no effort in the instant case to overcome the presumption, and we find the argument that the mere appearance of the victim on the witness stand was alone sufficient, a frivolous one.

■ Appellant finally urges that the Commonwealth failed in its burden of proof, in that it did not establish that the minor's morals were in fact, or tended to be, corrupted. Appellant cites no authority for his argument, and we are unable to uncover any case demanding such proof. Rather, such a proposition has been rejected by this court. *See Commonwealth v. Davison*, 243 Pa.Super. 12, 364 A.2d 425 (1976).

" 'Tending to corrupt' like 'contributing to delinquency,' is a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or to encourage *or to continue* conduct of the child which would amount to delinquent conduct." *Commonwealth v. Meszaros*, 194 Pa.Super. 462, 465, 168 A.2d 781, 782 (1961) (citations omitted) (emphasis in original).

Judgment of sentence affirmed.

CERCONE, President Judge, and HOFFMAN, J., concur in the result.

SPAETH, J., files a dissenting opinion.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

The assistant district attorney acted irresponsibly when he asked the detective whether appellant had made any statements after he was given *Miranda* warnings. The trial judge should have given a cautionary instruction either at once or not at all. Here, appellant's attorney asked for a mistrial, and when that was denied, decided to be quiet, no doubt in the hope that the jury would forget the detective's answer; but the judge reminded them of it.

I should reverse the judgment of sentence and order a new trial.