413 A.2d 692

**COMMONWEALTH of Pennsylvania**

**v.**

**James G. BROWN, Jr., a/k/a Junior Brown, Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Oct. 26, 1979.

332

Maureen I. Dunn, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, submitted a brief on behalf of the Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for kidnapping,[1] rape,[2] involuntary deviate sexual intercourse,[3] theft by unlawful taking,[4] and criminal conspiracy.[5] Appellant ar-

1. 18 Pa.C.S.A. § 2901 (Purdon's 1973).

2. 18 Pa.C.S.A. § 3121 (Purdon's 1973).

3. 18 Pa.C.S.A. § 3123 (Purdon's 1973).

4. 18 Pa.C.S.A. § 3921 (Purdon's 1973).

5. 18 Pa.C.S.A. § 903 (Purdon's 1973).

gues that he should be granted a new trial because a police waiver form marked "refused" in the space for his signature was improperly sent out with the jury. We agree, and therefore do not reach appellant's other contentions.[6]

Since both the lower court and the Commonwealth concede that what occurred here was error, the only issue before us is whether it was harmless. In *Commonwealth v. Willams*, 252 Pa.Super. 435, 446, 381 A.2d 1285, 1291 (1977), we said: "Reading [*Commonwealth v.*] *Greco*, [465 Pa. 400, 350 A.2d 826 (1976)], [*Commonwealth v.*] *Maloney*, [469 Pa. 342, 365 A.2d 1237 (1976)], [*Commonwealth v.*] *Hinds*, [244 Pa.Super. 182, 366 A.2d 1252 (1976)], and [*Commonwealth v.*] *Mitchell*, [246 Pa.Super. 132, 369 A.2d 846 (1977)] together, we believe that our appellate courts have found *any reference* to an accused's silence after arrest to be reversible error unless the trial court gives a prompt and adequate cautionary instruction." (Emphasis supplied.) Here, appellant's refusal to waive his Fifth Amendment rights was placed squarely before the jury. No curative instruction was given nor could it have been because the error was only discovered after the jury had reached its verdict. In these circumstances, appellant is entitled to a new trial.

Reversed and remanded for a new trial.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

I respectfully dissent for the reason that I believe that letting the jury see the *Miranda* warning notice marked "refused", if it was error, was harmless beyond a reasonable doubt.

6. Appellant also argues that a statement admitted at trial should have been suppressed because it was given as a result of illegal custodial interrogation. Alternatively, he argues that he did not knowingly and intelligently waive his Fifth Amendment rights before giving the statement.