## Commonwealth v. Tartt

*Michael S. Oreski, Assistant District Attorney,* for Commonwealth.

*George Retos* and *Salvatore F. Panepinto,* for defendant.

BELL, *J.,* March 18, 1981—This is another one of those unfortunate and difficult cases where a Fourth Amendment problem has ensued due to the inarticulate and unspecific wording in an affidavit for a search warrant. If the basis for probable cause is found to be insufficiently stated, then items seized by members of the Donora Police Department will be suppressed.

Police raids were conducted on October 31, 1980 and on November 17, 1980 at both defendant's place of business at 820 McKean Avenue, known as Bummy's Tavern, and at defendant's residence which is over the tavern.* A search warrant was therefore obtained for each place on each of the two

---

*Both premises were specifically described in the affidavit.

dates, and our review is of the four separate warrants.

All parties admit that the facts and circumstances on which probable cause is based are very briefly stated. Our review of the written affidavits is to determine whether enough facts are stated to comport with the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723(1964), and Spinelli v. U.S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969).

This court is well aware that its inquiry is bounded by the four corners of the document, Com. v. Wilds, 240 Pa. Superior Ct. 278, 362 A. 2d 273 (1976), and Pa.R.Crim.P. 2003(c), and that in marginal cases we are not to judge the affidavit as an "entry in an essay contest," Com. v. Greco, 465 Pa. 400, 350 A. 2d 826 (1976), but with great deference to the determination of the issuing magistrate as warrants are to be preferred and encouraged: Com. v. Stamps, 260 Pa. Superior Ct. 108, 393 A. 2d 1035 (1978).

* * *

There is one last issue that will require our comment—the timeliness of the November 17th search. Pa.R.Crim.P. 2005(d) directs that a search be executed within a specified period of time, not to exceed two days from the time of issuance. The date of application on the two November warrants is November 14, 1980. The date of the jurat of the affidavit is crossed out and re-written as November 15th and signed by the issuing magistrate. The directions to law enforcement officers state that the warrant be served no later than 7:00 p.m. on November 17, 1980, and that it was "issued under my hand this 15 day of Nov., 1980 at 7:00 P.M." The warrant was served on November 17, 1980, at 11:14 a.m.

When asked by the court to explain the apparent conflict between the three filled-in dates on the form, Lt. Greco offered the following explanation. He originally went to the magistrate's office on November 14, 1980 to swear out the warrant. As the raid was to be made on the 17th, the magistrate said that he would have a secretary type out the form at that time, but that the lieutenant would have to reaffirm the affidavit on the 15th, at which time he would issue it. All agreed this would be the best course of action and acted accordingly. On the 15th, the date on the jurat was noticed to be in error and changed. No one thought of changing the date of application.

The date the warrant was issued was November 15, 1980. The search was made within two days' time and was not made pursuant to a stale warrant.

Accordingly, we make the following

## ORDER

And now, March 18, 1981, defendant's motions to suppress evidence are denied.